Patricia RAWLINGS, et vir., Appellants,

v.

ANGELO STATE UNIVERSITY,
Appellee.

No. 13505.

Court of Appeals of Texas,
Austin.

March 23, 1983.

Rehearing Denied April 13, 1983.

Max Parker, Webb, Stokes & Sparks, San Angelo, for appellants.

Mark White, Atty. Gen., Jack Sparks, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

This is an appeal from the learned trial court's order of dismissal after it sustained appellee's "plea in abatement" against appellants' suit under the Texas Tort Claims Act. Tex.Rev.Civ.Stat.Ann. art. 6252–19 (Supp.1982) (hereafter, the Act). This Court will reverse the decision of the court below and remand the cause for trial.

Though not raised by appellants, we note at the outset of this opinion that this cause was terminated in the trial court through an inappropriate mechanism. As noted by Chief Justice Brown in *Norton v. Brazos County,* 640 S.W.2d 690 (Tex.App. 1982, no writ) at 694:

To use a Plea in Abatement to resolve claims raised under the Tort Claims Act is to revive the general demurrer discarded by Rule 90, Tex.R.Civ.P. [citation omitted]. We therefore do not believe the protective features of special exception procedures should have been circumvented by a Plea in Abatement under the facts in this case.

Appellants' first amended original petition alleges that while Patricia Rawlings was enrolled and registered as a student at Angelo State University, having paid tuition and fees for the use of facilities and premises at that institution, she tripped and fell over a waterhose placed across a campus sidewalk approaching the University library. The petition alleges that the waterhose was placed there by an agent, servant, and/or employee of the University and that, as a result of the fall, Mrs. Rawlings suffered severe injuries. Appellants allege negligence in several respects on the part of appellee, and that such negligence was a proximate cause of the accident which injured Mrs. Rawlings.

Suit was timely filed by Mrs. Rawlings and her husband, Joe Rawlings, pursuant to the Act, and appellee filed its "plea in abatement" alleging that appellants' pleadings failed to state a cause of action within the Act. The trial court sustained the plea but allowed appellants to amend their original petition and the appellee to amend its plea in abatement. The amended plea was sustained and the order of dismissal entered.

Appellants contend the trial court erred in dismissing the lawsuit on the ground that it failed to state a cause of action under the Act.

By counterpoint, appellee argues that appellants' petition does not allege or show that appellee breached any legal duty it owed to appellants and that the trial court properly sustained appellee's plea in abatement.

We turn first to appellee's argument that appellants' pleadings "do not establish that the University breached any legal duty

which it owed to the plaintiffs at the time of the occurrence, and consequently, the University is not liable to the plaintiffs for any damages whatsoever."

In reviewing a trial court's action in sustaining a plea in abatement, a Court of Appeals will accept as true the allegations of the petition. *Mokry v. University of Texas Health Science Center at Dallas,* 529 S.W.2d 802, 803 (Tex.Civ.App.1975, writ ref'd n.r.e.), and cases cited therein.

The allegations in appellants' petition establish that Mrs. Rawlings was a paying student at Angelo State University—an invitee—and that she was seriously injured as a direct result of tripping and falling over a waterhose placed across a sidewalk on the University campus by an agent, servant, and/or employee of the University.

The petition also alleges:

Defendant, ANGELO STATE UNIVERSITY, its agents, servants and/or employees, were negligent in one or more of the following particulars, each one of which was a proximate cause of the accident in question:

(1) In creating a dangerous condition by placing a waterhose across the sidewalk in question.

(2) In failing to warn Plaintiff of the hose on the sidewalk.

(3) In creating an unsafe condition on its premises.

(4) In failing to discover the water hose across the sidewalk and removing same.

(5) In failing to properly inspect its premises for unsafe conditions.

(6) In failing to provide its students with a safe place to walk between buildings on campus.

The allegations are, substantively, that appellee failed in its duty to maintain its premises in a safe condition for use by invitees, including Mrs. Rawlings; that the method and manner of use of the waterhose by appellee created a dangerous condition of which appellee had the duty to inspect, discover, remove or warn; and that appellee's failure in these duties was negligence

which proximately caused the accident and injuries to Mrs. Rawlings.

The Act provides, in pertinent part, at § 3 that:

Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle or motor-driven equipment . . . or death or personal injuries *so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.* [emphasis added]

The Act further provides at § 18(b):

As to premise defects, the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property, *unless payment has been made by the claimant for the use of the premises.* Provided, however, that the limitation of duty contained in this subsection shall not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads or streets, . . . . [emphasis added]

Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970).

If the facts alleged in appellants' petition are accepted as true, then appellee would be liable under the Act if a private person, under the same facts, would be liable to the claimant in accordance with the law of this state.

Under Texas law, even as to a licensee, where a path across private property is used by the public, the owner or other person who places an obstruction across it, such as a rope, wire or chain, is charged with the duty of giving notice or warning thereof to persons using the path. The owner of private property is liable for injuries to the public caused by an obstruction placed across a publicly used path on such property

if the owner fails in the duty to give notice or warning thereof to persons using the path. 65 C.J.S. Negligence § 89 (1966) at 1032; *see Veach v. Port Machine, Inc.,* 431 S.W.2d 585 (Tex.Civ.App.1968, writ ref'd n.r.e.), and cases cited therein.

■ As to invitees, an occupier of property owes a duty to maintain the premises in a reasonably safe condition, *J. Weingarten, Inc. v. Brockman,* 134 Tex. 451, 135 S.W.2d 698 (Tex.1940); a duty of reasonable care to inspect and discover a condition involving an unreasonable risk of harm, *Adam Dante Corporation v. Sharpe,* 483 S.W.2d 452 (Tex. 1972); and the duty to protect against the danger and to make safe any defects or to give an adequate warning thereof. *Rosas v. Buddies Food Store,* 518 S.W.2d 534 (Tex. 1975). It is said that, as to invitees, there is an implied warranty that reasonable care has been exercised for their safety. 40 Tex.Jur.2d (Part 2) Negligence § 50 (1976).

■ In addition, the occupier is charged with the knowledge of a dangerous condition if a reasonably prudent person should have known of its existence, appreciated its dangers, and foreseen the probability of the harmful event or some similar event. *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d 752 (Tex.1970); 40 Tex.Jur.2d, *supra,* § 52. *See id.* § 53.

■ We hold that the facts as alleged in appellants' petition, if taken as true, show the breach of a legal duty under which appellee, if a private person, would be liable for damages.

Appellee argues, in essence, that its only duty *under the waiver of immunity provided for in the Act* was to use equipment which was not, in and of itself, defective and only for purposes of an appropriate nature; that it had no duty to use its property in a manner or method that was safe. We do not agree.

■ The unequivocal language of the Act makes it clear that the use of property in a negligent manner or method which causes injuries falls within the Act's waiver of immunity, if the facts show that such use of property by "a private person ... would

[make him] liable to the claimant in accordance with the law of this state."

Appellee relies primarily upon the concurring opinion of Chief Justice Greenhill in *Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.1976), and the cases of *Brantley v. City of Dallas,* 545 S.W.2d 284 (Tex.Civ. App.1976, writ ref'd n.r.e.), and *Jenkins v. Fritzler Development Corporation,* 580 S.W.2d 63 (Tex.Civ.App.1979, writ ref'd n.r. e.).

In *Lowe,* Chief Justice Greenhill used the hypothetical example of a physician who negligently removed the wrong kidney of a patient using a state-owned scalpel in a state-operated hospital, concluding that the Legislature did not intend to provide a waiver of immunity under the Act for the negligent conduct of the physician. In this hypothetical situation, it was not alleged that the scalpel was defective, that it was used for an inappropriate purpose, or that the method or manner of its use was negligent. It was the physician's conduct in taking out the wrong kidney—*an error in judgment,* exclusive of the condition of the property, the purpose for which it was used, and the method or manner of its use— which resulted in the injury. *See also, Beggs v. State Department of Mental Health and Mental Retardation,* 496 S.W.2d 252 (Tex.Civ.App.1973, writ ref'd).

In *Brantley,* the plaintiff had alleged personal injuries as a result of negligence by the Dallas Fire Department Emergency Ambulance Service in failing to transfer him to a hospital. The appellate court found that the refusal was an *error in judgment,* exclusive of negligence in *any* use of personal property or any defect or deficiency of equipment. The court held that a technician's refusal—his conduct—was not equivalent to an allegation of the negligent "use or operation" of property and therefore did not fall within the waiver of immunity provided for under the Act.

In *Jenkins,* an employee of a roofing subcontractor fell from a two-inch wide steel beam to a concrete floor 20 feet below. The appellate court found that the beam

was properly erected and non-defective; that it was not inherently dangerous. The court further found that the dangerous condition was created by "the combination of the beam's height and the *manner in which the beam [was] utilized*" by the injured employee. It was not a premise defect, but the *manner of its use*—walking on it—was inherently dangerous; a condition created by the injured party, himself, and for which the property owner could not be held liable.

In the instant case, it is undisputed that neither the waterhose nor the sidewalk was defective, and that the waterhose was being used for the appropriate purpose of watering the lawn. However, appellants' factual allegations, if taken as true, show that the *method and manner of use* by appellee—the combination of the waterhose stretched across a sidewalk used for ingress and egress to the University library—created a dangerous and unsafe condition on the premises; a condition for which the appellee failed in its duty to inspect, discover, warn and remove, and that such use violated appellee's duty to provide a safe place for its students—invitees—to walk. *See Mokry, supra,* at 804; and Olson, *Governmental Immunity From Tort Liability—Two Decades of Decline, 1959–1979,* 31 Baylor L.Rev. 485, 496 (1979).

Such allegations state a cause of action within the Act's waiver of immunity arising from some condition or some use of tangible property.

We therefore reverse the judgment of the trial court and remand the cause for trial.