Terry Clifford **TREVATHAN**, et al., Appellants,

v.

The **STATE** of Texas, et al., Appellees.

No. 01–87–00265–CV.

Court of Appeals of Texas,
Houston (1st Dist.)

Oct. 15, 1987.

Rehearing Denied Nov. 12, 1987.

Don W. Duran, Porter & Duran, George Chandler, Law Offices of George Chandler, Lufkin, for appellants.

Jim Mattax, Atty. Gen., Mary F. Keller, Executive Asst. Atty. Gen. for litigation, Charles Black, Chief, State and County Affairs, Austin, Wanderlon A. Barnes, Asst. Atty. Gen., Houston, for appellees.

Before JACK SMITH, LEVY and HOYT, JJ.

HOYT, Justice.

This appeal results from the rendition of a take-nothing summary judgment on behalf of appellees, the State of Texas and the Texas Parks and Wildlife Department ("the State"). The appellants, Terry Clifford Trevathan and wife, Roseann Trevathan, in their own behalf and as next friend for their minor children, Cliff, Trae, and Terriann ("the Trevathans"), asserted a

tort claim against the State under Tex.Civ. Prac. & Rem.Code Ann. § 101.022(a) (Vernon 1986), popularly known as the Texas Tort Claims Act ("the Act").

On July 26, 1982, the Trevathans traveled to the Galveston State Park ("the Park") from Angelina County for a camp-outing. When they arrived at the Park, a security guard received their camping fee, auto fee, and the fee for their camper. They were assigned a space and told that the main gate of the Park was open from 7:00 a.m. until 7:00 p.m.

Roseann Trevathan and her son, Cliff, had planned to go deep sea fishing the following morning. Roseann decided to take a shower before going out; she then went to the bath house that was provided in the Park. She noticed that there were two stalls in the bath house: one stall had no door at all, and the other had a door but the lock was broken off. Roseann proceeded to use the stall with the door, although the lock was broken. Roseann also observed that the lighting at the bath house was not working, that the entire area of the bath house was poorly lit, and that the bath house could not be observed from any of the camping stalls because it faced the beach front. After Roseann finished her shower, she heard someone enter the bath house. She placed her robe on and proceeded toward the door when a man entered the stall door. He pushed her up against the shower wall and started hitting her about the face and neck with some object that appeared to be a razor or some type of sharp instrument. She suffered deep cuts about the face, neck, and head.

In their sole point of error, the Trevathans contend, in a three-prong attack on the summary judgment entered against them, that: (1) because their injuries were caused by the intentional acts of a third party, who is not an agent of the appellees, the immunities offered by the Act do not apply; (2) because they paid to use the premises, they were invitees to whom the State owed a duty of care not excluded under the Act; and (3) to the extent the Act bars them from asserting their claim, it is unconstitutional under the "open court"

provision of article 1, § 13 of the Texas Constitution.

■ In the trial court, the State asserted that summary judgment should be granted on any one of three affirmative defenses because sovereign immunity was preserved under each. The State asserts that Tex. Civ.Prac. & Rem.Code Ann. §§ 101.055, 101.056, and 101.057 (Vernon 1986) provide this protection. Those sections generally provide for the exclusion of claims: (1) arising out of a failure to provide, or a method of providing, police protection; (2) based on the nonperformance of a discretionary act; and (3) arising out of an assault or any other intentional tort. The State further contends that the Trevathans failed to address two of the State's three affirmative defenses, thereby waiving judicial review of them. We disagree. The defenses raised by the State are questions of law and may be challenged for the first time on appeal. *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340 (Tex.Civ. App.–Dallas), *writ ref'd n.r.e. per curiam,* 596 S.W.2d 502 (Tex.1979). We have reviewed the Trevathans' brief and conclude that each of the State's affirmative defenses are adequately challenged on appeal.

The Trevathans assert that § 101.057 is inapplicable to third party assaults, relying on *Muniz v. United States*, 305 F.2d 285 (2d Cir.1962). Moreover, they contend that § 101.022(a) of the Act is applicable and that because they paid for the use of the Park and its amenities, the State owed them the same duty as that owed by a business proprietor to business invitees.

The burden of proof unequivocally rests on a summary judgment movant to present and prove that, as a matter of law, there exists no genuine issue of material fact as to one or more of the essential elements of his cause of action or his defense. *See Enernational Corp. v. Exploitation Engineers, Inc.*, 705 S.W.2d 749, 751 (Tex.App.– Houston [1st Dist.] 1986, writ ref'd n.r.e.). In short, there can be no disputed fact as to any genuine issue of material fact relative to the affirmative defense. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310 (Tex. 1984).

In the case at bar, the Trevathans alleged that the State was liable in damages because it failed "to provide adequate security to protect the residents using the facilities ..." and that the State "knew, or should have known, that dangerous persons entered the premises after the security guard left the premises...." The Trevathans further asserted that the failure to lock the entry gate, to provide locks for the bath house, to provide proper lighting, and to provide adequate patrolling, all contributed to their injuries.

We conclude that because no argument is made that the operation of the park by the State was a proprietary function, as opposed to a governmental one, and that even if the Trevathans can prove each and every element of their cause of action, they cannot recover unless the State waives its sovereign immunity.

The Trevathans misplaced their reliance on *Muniz*, which they urge for the premise that an exception to the State's immunity arises when the assault or intentional tort is inflicted by a third party. *Muniz* was a *per curiam* opinion written by the same court that wrote *Winston v. United States*, 305 F.2d 253 (2d Cir.1962). We view *Winston* as holding that the federal government cannot escape liability for abuses to prisoners, whether inflicted by jailers or by other prisoners, simply by asserting immunity under the Federal Tort Claims Act. Those facts are not presented here, and we see no basis, nor are we provided authority, for persuading this Court that an expanded view of the Texas Tort Claims Act is required.

The essence of the Trevathans' contention is that the State's failure to provide adequate security was a proximate cause of their tortious injuries. In our view, this is clearly a claim arising from the failure to provide, or failure in the method of providing, police protection. The Texas Tort Claims Act provides that the appellees are immune for "[a]ny claim based on an injury or death connected with any act or omission ... arising out of the failure to provide, or the method of providing, police or fire protection." Tex.Civ. Prac. & Rem.

Code § 101.055. This is so because courts generally are not in the business of reviewing policy decisions that governments must make in deciding how much, if any, police protection to provide for a community and, in this case, the park community. *State v. Terrell*, 588 S.W.2d 784, 787 (Tex.1979).

We conclude that the failure of the State to provide adequate lighting and secure bathrooms, in order to prevent criminals from attacking guests, falls squarely within the *Terrell* ruling. This view is not altered by the fact that the Trevathans are paying guests. Although the Trevathans argue that this suit is one involving defective premises, they cite cases of negligent employees who used tangible property or who created a condition with a tangible property that directly resulted in an injury to the claimant. *Trinity River Auth. v. Williams*, 659 S.W.2d 714, 720 (Tex.App.–Beaumont 1983), *rev'd on other grounds in part, aff'd in part*, 689 S.W.2d 883, 885 (Tex.1985); *see also, Rawlings v. Angelo State Univ.*, 648 S.W.2d 430 (Tex.App.–Austin 1983, writ ref'd n.r.e.). The Trevathans' attempt to frame their argument in terms of defective premises is unpersuasive. In reaching this conclusion, we have not overlooked the fact that the lock on the bath house was broken or that some of the lights were out. This conclusion is not altered by the fact that the Trevathans were paying users or, as they would suggest, invitees, because it was the conduct of the assailant that proximity caused the injury, exclusive of the condition of the property. *See Lowe v. Texas Tech Univ.*, 540 S.W.2d 297 (Tex.1976).

Finally, other appellate courts have consistently held that immunity from liability to suit, as contained in the Texas Tort Claims Act, does not violate either the Texas or United States Constitution. *Lynch v. Port of Houston Auth.*, 671 S.W.2d 954 (Tex.App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Duson v. Midland County Indep. School Dist.*, 627 S.W.2d 428 (Tex.Civ.App.–El Paso 1981, no writ); *Swafford v. City of Garland*, 491

S.W.2d 175 (Tex.Civ.App.–Eastland 1973, writ ref'd n.r.e.). We find no reason to hold to the contrary.

The judgment of the trial court is affirmed.