Jaime PONCAR, Allen Poncar, Ruth Poncar, Rigoberto Quintanilla, Pablo Quintanilla, and Maria Quintanilla, Appellants,

v.

CITY OF MISSION and Mission Consolidated Independent School District, Appellees.

No. 13–89–284–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

George P. Powell, Hinojosa & Powell, McAllen, for appellants.

Travis Hiester, Atlas & Hall, McAllen, William L. Pope, and Marshall W. Graham, Adams & Graham, Harlingen, for appellees.

Before NYE, C.J., and BENAVIDES and KEYS, JJ.

## OPINION

BENAVIDES, Justice.

Jaime Poncar and her parents, Allen and Ruth Poncar, and Rigoberto Quintanilla and his parents, Pablo and Maria Quintanilla, appeal a summary judgment granted in favor of the City of Mission, Texas, based on its governmental immunity under the Texas Tort Claims Act. Appellants raise four points of error, contending that the trial court erred in granting the City's motion because the summary judgment evidence was insufficient, that the City was not acting in a discretionary manner, that its activities were proprietary and not governmental, and lastly, that there are fact questions regarding the City's liability under a premises liability theory. We affirm the judgment of the trial court.

In October 1986, the City issued a permit for burning to the Mission High School for their annual homecoming bonfire to be held on October 23, 1986. The students constructed a bonfire approximately twenty-five feet tall and twenty-five feet in diameter. The bonfire was situated in an open field near the high school on school district property. By six o'clock the night of the bonfire, the fire department was on hand and a crowd had begun to congregate. After an inspection of the bonfire was made by the fire department and a can of gasoline was removed from the bonfire, it was lit.

Within ten to fifteen minutes after the fire was ignited, aerosol paint cans which had been put into the bonfire began exploding and fireworks began shooting away from the crowd. The fire marshal and the fire chief were concerned because the explosions were increasing and because they did not know

what else might be in the bonfire. They decided to extinguish the fire.

The firemen poured water on the fire and the area surrounding the fire for approximately two hours. The ground around the bonfire was drenched to the extent that it was muddy. By 9:45, no flames, smoke, embers or coals were visible, nor had any been visible for some time. In the judgment of the fire chief and the fire marshal, the fire was out. Since, in the opinion of the fire chief and the fire marshal, the fire was out and there was no suspicion of arson, no personnel were left at the scene of the bonfire. By 10:15, the fire department left the area; no students or other persons were at the location when they left.

Subsequently, around 11:00, the bonfire was relit. The fire department returned to the bonfire and determined that it had been relit with gasoline: two full two-gallon containers were found outside the bonfire and one empty container was found near the middle of the bonfire. After putting out the fire, the fire department was informed that two young people with burns were at the hospital, but could not be interviewed. The two burned young people were Jaime and Rigoberto. The fire marshal determined that these two had been careless with motor fuel in intentionally relighting the bonfire.

The appellants' causes of action rely on the theories of negligence and premises liability and the waiver of sovereign immunity in the Tort Claims Act. Appellants allege that as a result of the negligence of the City fire department in failing to properly supervise the bonfire after it was supposedly extinguished, Jaime and Rigoberto were injured. Appellants allege several specific acts of negligence on the part of the fire department: (1) in failing to properly extinguish the fire; (2) in failing to place warnings or barriers around the bonfire to keep people away from it; (3) in failing to properly instruct the student body regarding the operation and construction of a bonfire; (4) in failing to properly supervise and approve the fireworks display pursuant to Tex.Rev.Civ.Stat.Ann. art. 9205 § 10 (repealed 1985).

In its answer, the City claims that its governmental immunity protects it from the relief sought by appellants. The City further claims that it has not waived its governmental immunity from liability as provided by the Torts Claim Act, pursuant to Tex.Civ.Prac. & Rem.Code Ann. §§ 101.-055(3), 101.056, and 101.057 (Vernon 1988). In the alternative, the City pleads that even if immunity is waived, it did not have a duty to appellants. In its motion for summary judgment, the City raises the same defenses, asserting that the City neither owned nor had any control over the premises upon which the bonfire was situated at the time appellants were injured. The City also claims that the City's fire department had established methods and procedures which were carried out exactly as formulated and as done in other municipalities in the State. Further, the City asserts that the fire-fighting services provided by the City were discretionary past the point where the fire-fighters determined that the fire had been extinguished in their judgment because the City is not required to exercise control or supervision over any fire that the City fire department has already extinguished.

In their response to the motion for summary judgment, appellants claim that they are suing the City for specific acts of negligence, and not for its decision-making and control of or prevention of fires or for its judgment in fire prevention. Appellants contended that the defenses and cases cited by the City do not apply. The trial judge granted the summary judgment with regard to all parties.

The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Lower Neches Valley Auth. v.*

*Murphy*, 536 S.W.2d 561, 563 (Tex.1976); *Swilley*, 488 S.W.2d at 67. The burden of proof is on the movant, and all doubt regarding the existence of a fact issue is to be resolved against him. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982).

The standard of review of a summary judgment by an appellate court is set forth in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985) as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*See Goswami v. Metropolitan Sav. and Loan*, 751 S.W.2d 487, 491 (Tex.1988); *Dieter v. Baker Serv. Tools, A Div. of Baker, Inc.*, 776 S.W.2d 781, 783 (Tex.App.—Corpus Christi 1989, writ denied).

■ A motion for summary judgment may be based on the affirmative defense of governmental immunity. *Shives v. State*, 743 S.W.2d 714, 715 (Tex.App.—El Paso 1987, writ denied); *see also Davis v. City of San Antonio*, 752 S.W.2d 518, 519–20 (Tex.1988). In order to prevail, every factual element of an affirmative defense must be conclusively established. *Swilley*, 488 S.W.2d at 828; *Emmer v. Phillips Petroleum Co.*, 668 S.W.2d 487, 490 (Tex. App.—Amarillo 1984, no writ); *see also Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984). Conversely, a plaintiff can bar a defendant's entitlement to a summary judgment by responding with evidence that creates a fact question on at least one element of each affirmative defense advanced by the defendant. *Emmer*, 668 S.W.2d at 490; *see also Payne v. City of Galveston*, 772 S.W.2d 473, 475 (Tex.App.—Houston [14th Dist.] 1989, writ denied); *Byrd Int'l of Dallas, Inc. v. Electronic*

*Data Sys. Corp.*, 629 S.W.2d 177, 178 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). Hence, when the defendant raises more than one affirmative defense in his motion for summary judgment, he need only conclusively establish one of those affirmative defenses in order to be entitled to summary judgment.

■ Appellants' reliance on the theories of negligence and premises liability is ill-placed. Although they characterize their suit as a negligence and premises liability suit, appellants are suing a city for supposedly negligent acts on the part of its fire department which occurred in conjunction with the fire department monitoring and extinguishing a bonfire. The City is entitled to governmental immunity except in the event its immunity is waived. *See* Tex. Civ.Prac. & Rem.Code § 101.001–101.061 (Vernon 1986 and Vernon Supp.1990). Hence, to recover, facing the doctrine of governmental immunity, appellants must do so under the Texas Tort Claims Act which provides for the waiver of governmental immunity in certain instances. *See Shives*, 743 S.W.2d at 715. Therefore, if the City shows that its governmental immunity cannot be waived under that act, appellants cannot prevail.

The essence of appellants' contention is that the City's failure to properly supervise and extinguish the bonfire was a proximate cause of their tortious injuries. In our view, this is clearly a claim arising from the failure to provide or failure in the method of providing fire protection. A review of appellants' brief shows that they did not address the City's affirmative defense that it is entitled to immunity from liability because their governmental immunity cannot be waived under § 101.055(3). Pursuant to § 101.055(3), governmental immunity will not be waived in "claims arising ... from the failure to provide or the method of providing ... fire protection."

■ When the acts which give rise to the cause of action are part of a formulated policy for police or fire protection, there is no waiver of governmental immunity. *See State v. Terrell*, 588 S.W.2d 784, 788 (Tex. 1979). In other words, when the facts es-

tablish that there was no negligence in carrying out a formulated policy for police or fire protection, but that the complained-of acts are carried out exactly as the policy is formulated, governmental immunity exists under section 101.055(3). *See Robinson v. City of San Antonio,* 727 S.W.2d 40, 42 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.); *accord Trevathan v. State,* 740 S.W.2d 500, 502 (Tex.App.—Houston [1st Dist.] 1987, no writ).

■ The uncontradicted affidavits of the Fire Marshall, Fire Chief, and Police Chief for the City, which were attached to the City's motion for summary judgment, establish the method of providing fire protection and police protection in situations where fire departments are called to put out fires, including the situation in which fire departments are used to watch over and put out bonfires held by local school districts. The established policy acknowledges that fires may rekindle and includes precautions for preventing a fire from spreading in the event it may rekindle, such as saturating the ground surrounding the fire before leaving the scene, and returning to the scene to put out the fire. The policy provides that only in the event that arson is suspected that the fire department will leave personnel at the scene of a fire. The affidavits of the Fire Marshall and the Fire Chief further stated that on the night in question, the firemen used this exact method when they extinguished the bonfire held by the school.

The City established each element required to establish their immunity from liability under § 101.055(3); there was a formulated policy which was followed exactly. Appellants did not raise any factual challenge to any of the elements of this affirmative defense. The trial judge properly entered summary judgment in favor of the City. Accordingly, we overrule appellants' four points of error.

The judgment of the trial court is AFFIRMED.