Opinion issued April 12, 2007 










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00448-CV






UNIVERSITY OF HOUSTON, Appellant


V.


YVONNE MICHELLE DE LUNA, Appellee






On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 2003-66636




MEMORANDUM OPINION

 Appellant, University of Houston ("the University"), appeals from an order
denying its plea to the jurisdiction and motion for summary judgment in favor of
appellee, Yvonne Michelle De Luna. We determine whether the trial court erred by
denying the University's plea to the jurisdiction because its waiver of immunity was
excepted under section 101.056 of the Texas Tort Claims Act ("TTCA"). See Tex.
Civ. Prac. & Rem. Code Ann. § 101.056 (Vernon 2005). We vacate the order
denying the University's plea to the jurisdiction and dismiss the suit for want of
jurisdiction.

Background

 On December 14, 2001, De Luna tripped and fell at the University's Hofheinz
Pavilion ("the pavilion") while participating in her graduation ceremony. After
receiving her diploma, De Luna was returning to her seat when her foot was caught
in a gap between the "platform" and the floor and she fell on her hands and knees. 
The "platform" was actually a National Collegiate Athletic Association (NCAA)
regulation raised wooden basketball court ("raised basketball court") that was
constructed in the mid-1980's "consist[ing] of an ash wood playing surface, which was
glued, as well as nailed, to two-inch by four-inch wood planks." The raised
basketball court was two and one-half inches above the pavilion floor with an exposed
gap around the entire court. At the graduation ceremony, the raised basketball court
had a non-slip-rubber- membrane material placed over the wood.

 De Luna sued the University on December 8, 2003 alleging, a premises defect. 
The University filed a plea to the jurisdiction requesting that the trial court dismiss De
Luna's claim on the basis that section 101.056 of the TTCA prevented De Luna from
recovering damages for her claim because "the University's decision to use the raised
platform or basketball court configuration was discretionary." The University also
filed traditional and no-evidence motions for summary judgment. The University
contended that De Luna's claim should be dismissed because "the evidence show[ed]
that no defective condition on the arena floor of the [pavilion] existed to cause [De
Luna's] injuries." On April 21, 2006, the trial court denied the University's plea to the
jurisdiction and motions for summary judgment.
Standard of Review


 On appeal, because the question of subject-matter jurisdiction is a legal question,
we review the trial court's ruling on a plea to the jurisdiction under a de novo standard
of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

 Appellate review as to subject-matter jurisdiction generally begins with review
of the pleadings. The pleader must allege facts that affirmatively demonstrate the
court's jurisdiction to hear the cause. Tex. Ass'n of Bus. v. Texas Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). Mere reference to, or recitation of, provisions of the
TTCA in pleadings does not confer jurisdiction on the trial court. Tex. Dep't. of
Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). Courts deciding pleas to
the jurisdiction are not required to look solely to the pleadings but may consider
evidence and must do so when necessary to resolve the jurisdictional issues raised.
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). If the evidence as to
jurisdictional facts is undisputed, then whether that evidence establishes a trial court's
jurisdiction is a question of law. Tex. Dep't of Parks and Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004). If the evidence creates a fact question regarding the
jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction; the fact
issue must be resolved by the fact finder. See id. at 227-28. When reviewing a plea
to the jurisdiction in which the pleading requirement has been met and evidence
implicating the merits of the case has been submitted to support the plea, we take as
true all evidence favorable to the non-movant and indulge every reasonable inference
and resolve any doubts in the non-movant's favor. Id. at 228.

Plea to the Jurisdiction


 In its first point of error, the University argues that section 101.056 of the TTCA
bars De Luna's claim because "the raised basketball court was in its originally designed
condition created by the discretionary acts of the University." Thus, the University
argues that the waiver provisions of the TTCA do not apply.

A. The Law 

 As a governmental unit, the University enjoys governmental immunity from tort
liability and suit, unless immunity has been waived. See Dallas Area Rapid Transit v.
Whitley, 104 S.W.3d 540, 542 (Tex. 2003); Tex. Civ. Prac. & Rem. Code Ann.
§101.001(3) (Vernon 2005) (defining "governmental unit"). The TTCA expressly
waives sovereign immunity in three areas: (1) property damage and personal injury
caused by the use of publicly owned automobiles (section 101.021(1)); (2) personal
injury caused by a condition or use of tangible personal or real property (section
101.021(2)); and (3) claims arising out of premises defects (section 101.022). Tex.
Civ. Prac. & Rem. Code Ann. §§ 101.021-.022; see Dallas County v. Wadley, 168
S.W.3d 373, 376 (Tex. App.--Dallas 2005, pet. denied); see also Miranda, 133 S.W.3d
at 225. 

 The TTCA creates certain exceptions to the waiver of sovereign immunity. 
Section 101.056 provides that the waiver provisions of the Act do not apply to claims
based on: "(1) the failure of a governmental unit to perform an act that the unit is not
required by law to perform; or (2) the governmental unit's decision not to perform an
act or on its failure to make a decision on the performance or nonperformance of an act
if the law leaves the performance or nonperformance of the act to the discretion of the
governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.056. This latter
provision is commonly referred to as the "discretionary-function exception." See
Mitchell v. City of Dallas, 855 S.W.2d 741, 745 (Tex. App.--Dallas 1993), aff'd, 870
S.W.2d 21 (Tex. 1994). 

 The discretionary-function exception to waiver of sovereign immunity is
designed to avoid judicial review of governmental policy decisions. Mitchell, 855
S.W.2d at 745; see also State v. Terrell, 588 S.W.2d 784, 787 (Tex. 1979). A decision
is discretionary when it requires exercising judgment and there is no specific law
mandating specific action. State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999). 
Designs for a public building or other municipal premises are discretionary and
therefore the governmental entity responsible may not be sued for such decisions. 
Mitchell, 855 S.W.2d at 745; see e.g., Gates v. Tex. Tech Univ., No. 07-03-00138-CV,
2004 WL 2559937 *3-4 (Tex. App.--Amarillo Nov. 9, 2004, pet. denied) (not
designated for publication) (holding that university's construction and particular
configuration of its adjustable, multi-level theater stage were excepted under
discretionary-function exception). Additionally, decisions regarding the installation
of safety features are discretionary decisions for which a governmental entity may not
be sued. Tex. Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002) (holding
that State retained governmental immunity from premises-defect claim under TTCA's
discretionary-function exception because plaintiff's petition alleged that highway's
dangerous condition was related to highway median's slope and lack of safety features,
such as barriers or guardrails, which are discretionary decisions); see, e.g., Tex. Health
Sci. Ctr. at San Antonio v. Bruen, 92 S.W.3d 24, 26-27 (Tex. App.--San Antonio
2002, pet. denied) (holding that claims asserting that ramp in public auditorium was
dangerous and should have been redesigned or various safety features added were
excepted under discretionary-function exception); Ramos v. Tex. Dep't of Pub. Safety,
35 S.W.3d 723, 733 (Tex. App.--Houston [1st Dist.] 2000, pet. denied) (holding that
parking lot design and lack of various additional safety barriers and dividers were
excepted under discretionary-function exception).

 While a governmental entity is immune from liability if an injury results from the
formation of policy, a governmental entity is not immune if an injury is caused by the
negligent implementation of that policy or negligent maintenance of the premises. 
Mitchell, 855 S.W.2d at 745; see e.g. Trevino v. Univ. of Texas at San Antonio, 153
S.W.3d 58, 62 (Tex. App.--San Antonio 2002, no pet.) (holding that evidence that
bleachers were loose and warped from wear and tear, that is, evidence that indicated
bleachers had not been maintained properly, prevented discretionary-function
exception from applying); Terrell, 588 S.W.2d at 787-88 (holding that highway patrol
officer who was pursuing speeding vehicle and collided with another motorist was not
part of State's formulated policy decision to detect and apprehend individuals who
exceed speed limit; therefore, State was subject to liability for injuries resulting from
negligence of highway patrol officer). Thus, sovereign immunity is preserved for even
negligent discretionary formulation of policy, but not for the negligent implementation
of the policy at the operational level. See City of Brownsville v. Alvarado, 897 S.W.2d
750, 754 (Tex. 1995); Terrell, 588 S.W.2d at 787-88; Guadalupe-Blanco River Auth.
v. Pitonyak, 84 S.W.3d 326, 342 (Tex. App.--Corpus Christi 2002, no pet.). 

B. Analysis

 De Luna alleged in her petition that the University is liable for her injuries
because a dangerous condition existed on the University's premises. She pleaded that
the University was negligent for the following reasons,


 A. [The University] failed to provide warning of the
condition;


 B. [The University] failed to properly maintain and
inspect said condition of the mat and floor;


 C. [The University] failed to use due care in the design
and implementation of the mat to reduce and/or
eliminate the tripping hazard; and


 D. [The University] failed to warn [De Luna] of the
unsafe condition."


De Luna pleaded that the University's liability resulted from the combination of the
nature of the raised basketball court, which allowed a two-and-one-half-inch gap
around its perimeter, and the mat, which covered and was a similar color to the pavilion
floor. De Luna concedes that the decision to use the raised basketball platform is a
policy decision, but argues that the implementation of the policy created a dangerous
condition. De Luna argues that "even in the absence of any particular defect in the
platform, or the floor itself, it [was] the combination of the covered platform sitting on
a portion of the pavilion floor where students were walking that was the dangerous
condition." (Emphasis in original.)

 De Luna relies on Simons v. City of Austin and Rawlings v. Angelo State
University to support her argument that the University is not exempt from liability. See 
Simons v. City of Austin, 921 S.W.2d 524 (Tex. App.--Austin 1996, writ denied);
Rawlings v. Angelo State Univ., 648 S.W.2d 430 (Tex. App.--Austin 1983, writ ref'd
n.r.e.). In Simons, the plaintiff was injured by a wooden partition that fell on her while
attending a meeting at a city recreation center. The plaintiff sued the city under
premises liability and the city countered that the discretionary-function exception
applied. Simons, 921 S.W.2d at 527. The Simons court held that, although the decision
to use a wooden partition at the recreation center was a discretionary act, the actual
design and construction of the partition and its defective condition were not excepted.
Id. at 524. In Simons, the wooden partition was defectively constructed or maintained
and was not in its originally designed condition. Id.

 In Rawlings, the plaintiff was injured when she tripped over a water hose the
employees at the university had laid across a sidewalk while watering the campus lawn.
 Rawlings, 648 S.W.2d at 431. It was undisputed that neither the water hose nor the
sidewalk was defective. Id. at 434. The Rawlings court held that the method and
manner of use by the university, i.e., the water hose having been stretched across a
sidewalk used for ingress and egress to the library created a dangerous and unsafe
condition on the premises. Id. The university did not argue that it was exempt under
the discretionary-function exception. Id. at 431-32.

 The cases on which De Luna relies are distinguishable from the facts here. De
Luna's expert testified that the raised basketball court was not defectively constructed
or maintained. The raised basketball court was designed to be placed two and one-half
inches above the floor with an exposed gap. It remained in place for more than half of
the calendar year. The change in elevation was part of the raised basketball court's
design. De Luna's injuries were not caused by the negligent use of the raised
basketball court and mat as in Rawlings. The "use," if any, that the University's
employees made of the mat and raised basketball court was completed when those
items had been attached to the pavilion floor. See Dallas County Mental Health and
Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998); Gates, 2004 WL
2559937 *3-4. 

 The University relies on Texas Health Science Center at San Antonio v. Bruen,
Gates v. Texas Tech University, and Ramos v. Texas Department of Public Safety to
support its contention that it retained its immunity under the TTCA's
discretionary-function exception. See Gates, 2004 WL 2559937 *3-4; Bruen, 92
S.W.3d at 26-27; Ramos, 35 S.W.3d at 733. In Bruen, the plaintiff was injured when
she slipped and fell off an unprotected edge of an auditorium ramp. Bruen, 92 S.W.3d
at 26-27. The plaintiff sued the University, alleging the design of the downward
sloping auditorium ramp constituted a dangerous condition and created an
unreasonable risk of harm because there was no differentiation in color between the
carpet on the ramp and the carpet covering the rest of the room. Id. The plaintiff
further alleged that the University failed to warn of the dangerous condition with a
railing or other device to prevent someone from stepping off the side of the ramp. Id. 
The Bruen court held that these were "design decisions" that were discretionary, and
therefore immunity was not waived under the TTCA. Id. 

 In Gates, while rehearsing on a theater stage, the plaintiff was injured when she
fell into an orchestra pit, which was adjacent to the front of the main stage. Gates,
2004 WL 2559937 at *1. The plaintiff sued the university, alleging premises defect,
and the university countered that the discretionary-function exception applied. Id. at
*3-4. The configuration of the stage had been completed before the day on which the
plaintiff was injured. Id. at *1. The stage had been adjusted to the orchestra-pit level,
tape had been used to mark the front edge of the main stage, and a black cloth, similar
to a store awning, had been attached across the front of the main stage. Id. The cloth
awning had been extended down and out over the orchestra pit. Id. The Gates court
held that because the stage configuration was the result of discretionary decisions by
the university's employees, the university retained immunity under the discretionary-function exemption. Id. at *4.

 In Ramos, a child pedestrian was killed when a motorist's car lurched forward
following a driver's license road test at the Texas Department of Public Safety
("TDPS"). Ramos, 35 S.W.3d at 725-26. The plaintiffs alleged that TDPS failed to
post warning signs concerning the dangers presented by the numerous inexperienced,
dangerous, and unsafe drivers in the area. Id. at 732-33. The plaintiffs argued
specifically that different or additional items, such as a safe waiting room, separate
testing and parking areas away from general public, and bumper stops or other barriers
in parking spaces should have been provided. Id. The Ramos court held the plaintiffs'
allegations were complaints that the design of the parking lot itself was defective, not
that the condition of the parking lot, as constructed in accordance with existing designs,
was defective, "i.e., there [was] no complaint that the parking surface or current
bumpers [were] themselves defective, rather the complaint is that different or additional
items should have been provided." Id. Therefore, this Court held that TDPS retained
its sovereign immunity under the discretionary-function exception. Id.

 

 The cases on which the University relies are comparable to the facts here. De
Luna specifically complains that the University negligently created a dangerous
condition on its premises that it failed to warn about, reduce, or eliminate, and that the
University failed to provide a reasonably safe area in which to walk. Specifically, De
Luna's expert testified that the raised basketball court was not defectively constructed
or maintained. Rather, he opined that the University should not have placed the
graduates' seating on a raised platform and, alternatively, that the University should
have used warning signs and marking tape to delineate the change in elevation. There
is no complaint that the raised basketball floor or the mat were themselves defective;
rather, the complaint is that different or additional items should have been provided. 
The configuration of the flooring had been completed before the day on which De Luna
fell. There is no law that requires the University to design or configure the raised
basketball court and mat in a particular manner. Such decisions, which are effectively
decisions regarding the design of the floor and pavilion, were within the discretion of
the University. See Cortez v. Weatherford Indep. Sch. Dist., 925 S.W.2d 144, 149-50
(Tex. App.--Fort Worth 1996, no writ) (design decision not to equip school bus with
stop arm was exercise of discretionary powers, and sovereign immunity was not
waived); Johnson v. Tex. Dep't of Transp., 905 S.W.2d 394, 397-98 (Tex.
App.--Austin 1995, no writ) (stop sign placement was design decision shielded by
sovereign immunity); Maxwell v. Tex. Dep't of Transp., 880 S.W.2d 461, 463 (Tex.
App.--Austin 1994, writ denied) (design of roads and bridges, including installation
of safety features such as guard rails and barricades, was not subject of Act's waiver
of sovereign immunity); Mitchell, 855 S.W.2d at 745 (design decisions made by city
are discretionary and therefore immune); Shives v. State, 743 S.W.2d 714, 716 (Tex.
App.--El Paso 1987, writ denied) (decisions not to place traffic light at intersection
and not to reduce speed limit were shielded by sovereign immunity). Accordingly, we
hold that because the University's raised basketball court configuration was the result
of discretionary decisions, the University retained immunity under section 101.056 of
the TTCA. 

 We sustain the University's first point of error.

Summary Judgment


 Given our disposition that the University has immunity from De Luna's claims,
we need not address the University's second point of error that the trial court erred by
denying the University's motion for summary judgment because there was no evidence
that there was a defective condition, or alternatively that the evidence conclusively
established that no defective condition existed.

Conclusion

 We vacate the order denying the University's plea to the jurisdiction and dismiss
the suit for want of jurisdiction.


 

 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Bland.