# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00584-CV

**William Richard Holms, Appellant**

**v.**

**West Travis County Public Utility Agency and Don Rauschuber, Appellees**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-17-003601, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

William Richard Holms appeals the county court at law's order granting the plea to the jurisdiction filed by the West Travis County Public Utility Agency (WTCPUA) and dismissing Holms's claims against WTCPUA with prejudice. We hold that governmental immunity bars Holms's claims against the WTCPUA.

### BACKGROUND[1]

Holms seeks monetary damages from WTCPUA, including a refund for over-payments made due to excessive water bills. WTCPUA is the public utility agency that provides retail water service to Holms's residence. After receiving normal water bills for over a year, Holms's

---

[1] We take the factual allegations in Holms's pleadings as true for the limited purpose of this appeal, as the county court at law was required to do in ruling on the plea to the jurisdiction. *See, e.g.*, *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

water bill increased to $401.63 in August 2015 and remained higher than normal for several months. Holms called WTCPUA to inquire about these bills, but nevertheless paid them in full. After Holms made several billing inquiries, Don Rauschuber, WTCPUA's general manager, visited Holms's residence, examined the water meter, and had it replaced with a new one. According to Holms, his water bills returned to normal thereafter, but Rauschuber indicated that no credit could be issued to Holms for the alleged over-billing. Holms initially complained to the Public Utility Commission of Texas (PUC), but the PUC determined that it lacked jurisdiction over the WTCPUA. The record does not indicate whether Holms challenged the PUC's determination nor whether he sought redress through the board of the WTCPUA, and therefore those issues are not before this Court. Holms did, however, sue WTCPUA and Rauschuber asserting three theories of liability: breach of contract, tort (alleging "negligence and negligent representation," misrepresentation, negligent misrepresentation, actual fraud, constructive fraud, and civil conspiracy), and deceptive trade practices.[2]

WTCPUA filed a plea to the jurisdiction asserting governmental immunity. Holms then filed an amended petition, urging the same claims as his original petition. The county court at law held a hearing on the plea on August 15, 2017, and granted it two days later, dismissing Holms's claims against WTCPUA with prejudice. On August 25, 2017, Holms filed a motion to reconsider and motion for new trial. On that same date, without leave of court, Holms filed a second amended petition adding a request for declaratory judgment as well as claims under the Texas Constitution's

---

[2] Rauschuber, who was not served with process, has not appeared in this litigation and is not part of this appeal. Our review is limited only to Holms's claims against the WTCPUA.

2

guarantees of due process and equal protection.[3]  On September 5, 2017, Holms filed a third amended petition, also without leave of court, adding a request for injunctive and equitable relief and abandoning the deceptive-trade-practices allegation.  On September 6, 2017, Holms perfected this appeal, invoking Civil Practice and Remedies Code section 51.014(a)(8) (providing for interlocutory review of an order from a county court at law that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001").[4]  In two issues, Holms argues that the county court at law erred in (1) granting WTCPUA's plea to the jurisdiction, and (2) dismissing his claims against WTCPUA with prejudice without allowing him an opportunity to amend to cure any jurisdictional defect in his pleadings.

### STANDARD OF REVIEW

"Sovereign immunity and governmental immunity are related common law doctrines protecting the government from suit."  *Harris County v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (citing *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011)).  "Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts."  *Norman*, 342 S.W.3d at 57–58.  "Governmental immunity has two components: immunity from liability and immunity from suit."  *West Travis Cty. Pub. Util. Agency v. Travis Cty. Mun. Util. Dist. No. 12*, 537 S.W.3d 549,

---

[3]  Holms's second amended petition also added an allegation of violation of implied contract, which is functionally the same as his existing breach-of-contract allegation for purposes of our jurisdictional analysis.

[4]  "Governmental unit" includes "a political subdivision of this state." Tex. Civ. Prac. & Rem. Code § 101.001(3)(B).

553 (Tex. App.—Austin 2017, pet. denied) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006)). Governmental "immunity from liability . . . bars enforcement of a judgment against a governmental entity," while "immunity from suit . . . bars suit against the entity altogether." *Tooke*, 197 S.W.3d at 332. Because "immunity from suit defeats a trial court's subject matter jurisdiction," it "is properly asserted in a plea to the jurisdiction." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

As subject-matter jurisdiction is a question of law, we review orders on jurisdictional pleas de novo. *Id*. at 226. "When a plea to the jurisdiction challenges the pleadings," as WTCPUA's plea does here, "we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id*. "We construe the pleadings liberally in favor of the plaintiff[] and look to the pleader's intent." *Id*. "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but [also] do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id*. at 226–27 (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id*. at 227.

## ANALYSIS

### I.

Holms asserts that the trial court had jurisdiction over his claims because (1) WTCPUA is not a governmental entity entitled to immunity; (2) WTCPUA's enabling statute is

4

silent as to immunity and thus immunity is waived; (3) various statutory waivers of immunity apply to WTCPUA; (4) WTCPUA is being sued for "proprietary" functions to which immunity does not apply; (5) WTCPUA is permitted to sue its customers and, therefore, customers should be permitted to sue WTCPUA; and (6) dismissing his claims against WTCPUA violates Holms's due-process and equal-protection rights. Because none of these arguments support a waiver of WTCPUA's immunity on the facts alleged, we overrule Holms's first issue. *E.g.*, *Miranda*, 133 S.W.3d at 227.

A "[p]laintiff bears the burden to affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity, which may be either by reference to a statute or to express legislative permission." *McCandless v. Pasadena Indep. Sch. Dist.*, No. 03-09-00249-CV, 2010 WL 1253581, at *3 (Tex. App.—Austin Apr. 2, 2010, no pet.) (mem. op.) (citing *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999)). Under the doctrine of sovereign immunity, "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847). Consequently, "it is the Legislature's sole province to waive or abrogate sovereign immunity." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008) (quoting *Texas Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002)). "Political subdivisions of the state . . . share in the state's inherent immunity" through the doctrine of governmental immunity. *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 429–30 (Tex. 2016). As a political subdivision of the State, "[a] governmental unit . . . may be sued if the Legislature has waived immunity in 'clear and unambiguous language.'" *Harris County*, 547 S.W.3d at 613 (quoting Tex. Gov't Code § 311.034; *Oncor Elec. Delivery Co. v. Dallas Area Rapid Transit*, 369 S.W.3d 845, 849 (Tex. 2012)). As a public utility agency, WTCPUA is a political subdivision of the State of Texas. *See* Tex. Loc. Gov't

5

Code § 572.052(c)(2) (providing that "[a] public utility agency is a political subdivision of this state"). We have therefore recognized that WTCPUA is immune from suit absent a "clear and unambiguous" legislative waiver of that immunity. *West Travis Cty. Pub. Util. Agency*, 537 S.W.3d at 554. Accordingly, we reject Holms's argument that WTCPUA is not a governmental entity entitled to immunity.

Holms contends that governmental immunity does not apply to WTCPUA because its enabling "statute" is "silent" as to immunity.[5] But as set forth above, the legislature waives immunity only through clear and unambiguous language. *Harris County*, 547 S.W.3d at 613. We therefore reject Holms's argument that the silence of WTCPUA's enabling instrument waives its immunity from suit.

Holms identifies several statutes which he claims waive WTCPUA's immunity from suit: sections 101.021 and 101.0215(a) of the Tort Claims Act (TCA), the Local Government Contract Claims Act, and the Uniform Declaratory Judgment Act (UDJA). WTCPUA's immunity is not waived under any of these statutes.

TCA section 101.021 specifies particular circumstances under which a "governmental unit" may be held liable for "property damage, personal injury, and death." Tex. Civ. Prac. & Rem. Code § 101.021. Because Holms has not alleged that he suffered property damage, personal injury, or death, section 101.021 does not confer jurisdiction over his tort claims. *Id.*; *see also, e.g.*, *City*

___

[5] WTCPUA was not established through legislation, but under a 2011 concurrent ordinance adopted by the City of Bee Cave, Hays County, and West Travis County Municipal Utility District No. 5 pursuant to Texas Local Government Code Chapter 572. *See* Tex. Loc. Gov't Code §§ 572.051 *et seq.* (entitled "Public Utility Agencies for Provision of Water or Sewer Service"); .052(a) (providing that "[p]ublic entities may create a public utility agency by concurrent ordinances"). Holms has not argued that there is any waiver of immunity in Texas Local Government Code Chapter 572.

*of Killeen v. Cheney*, No. 03-18-00139-CV, 2018 WL 5832088, at *3 (Tex. App.—Austin Nov. 8, 2018, no pet.) (mem. op.) (noting that TCA "provides a limited waiver of governmental immunity for certain torts" and that "section 101.021 of the Act, entitled 'Governmental Liability,' allows a plaintiff to bring suit against a governmental unit for three categories of claims when certain statutory criteria are met: (1) claims for injury arising from use of motor vehicles; (2) claims for injury caused by a condition or use of tangible personal property; and (3) premises-defect claims").

TCA section 101.0215(a) provides that "[a] municipality is liable *under this chapter* for damages arising from its governmental functions," which it defines as "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public." Tex. Civ. Prac. & Rem. Code § 101.0215(a) (emphasis added). Holms emphasizes that the TCA classifies certain functions as governmental, including "water and sewer service." *Id.* § 101.0215(a)(32). But as noted above, "the words 'under this chapter' limit the liability of the municipality for the listed functions under section 101.0215 to the conditions required under section 101.021." *Bellnoa v. City of Austin*, 894 S.W.2d 821, 826 (Tex. App.—Austin 1995, no writ). In other words, "section 101.0215 is not an independent waiver of immunity." *Id.* And because Holms does not allege "property damage, personal injury, [or] death," WTCPUA is not liable "under this chapter," regardless of whether it was engaged in providing "water and sewer service." *See id.*; *see also* Tex. Civ. Prac. & Rem. Code § 101.021.

Similarly, Holms's reliance on the Local Government Contract Claims Act is misplaced. *See* Tex. Loc. Gov't Code §§ 271.151–.160. As relevant here, under that statute:

[a] local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

*Id.* § 271.152. The statute defines a "contract subject to this subchapter" as "a written contract stating the essential terms of the agreement for providing goods or services *to* the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2) (emphasis added). Under the terms of the contract at issue here, Holms was not bound to provide goods or services *to* WTCPUA. Consequently, there is no "contract subject to this subchapter" at issue in this case. *See Lubbock Cty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 308–09 (Tex. 2014) (holding that a lessee that paid the governor lessor rent did not provide services to the governmental entity for purposes of the Local Government Contract Claims Act).

The UDJA also does not confer jurisdiction over Holms's claims. *See* Tex. Civ. Prac. & Rem. Code § 37.001 *et seq*. "While the DJA waives sovereign immunity for certain claims, it is not a general waiver of sovereign immunity." *Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011). Other than waiving immunity for certain types of "claims challenging the validity of ordinances or statutes . . . the DJA does not alter a trial court's jurisdiction." *Id.*; *see, e.g.*, *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). "Rather, the DJA is merely a procedural device for deciding cases already within a court's jurisdiction." *Id.* (quoting *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). Because "a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying

8

nature of the suit . . . sovereign immunity will bar an otherwise proper DJA claim that has the effect of establishing a right to relief against the State for which the Legislature has not waived sovereign immunity." *Id.* (citations omitted). As Holms has not established such a waiver, the UDJA cannot cure the jurisdictional defect.

Holms next argues that governmental immunity is inapplicable because his claims arise from WTCPUA's exercise of a proprietary rather than governmental function. "The governmental/proprietary dichotomy recognizes that immunity protects a governmental unit from suits based on its performance of a governmental function but not a proprietary function." *Wasson Interests, Ltd. v. City of Jacksonville*, 559 S.W.3d 142, 146 (Tex. 2018). However, the provision of water service is expressly classified as a governmental function, and not a proprietary one. *See* Tex. Civ. Prac. & Rem. Code § 101.0215(a)(32) (including "water and sewer service" in list of "governmental functions" that "are enjoined on a municipality by law and are given it by the state as part of the state 's sovereignty"); *see also* Tex. Const. art. XI, § 13(a) (providing that the legislature has the authority to "define for all purposes those functions of a municipality that are to be considered governmental and those that are proprietary, including reclassifying a function's classification assigned under prior statute or common law").

Holms further argues that WTCPUA has waived its immunity from suit by suing its own customers. But such waiver occurs "where the governmental entity has joined into the litigation process by asserting its own affirmative claims for monetary relief." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 376–77 (Tex. 2006). Because WTCPUA has not asserted affirmative claims for monetary relief, it has not thereby waived its immunity.

Finally, Holms asserts that dismissal of his suit on the basis of governmental immunity violates his rights to due process and equal protection under the United States and Texas Constitutions. *See* U.S. Const. amend. XIV; Texas Const. art. I, §§ 3, 19. Texas and federal courts have rejected similar arguments, holding that governmental immunity violates neither due process nor equal protection. *See, e.g.*, *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1420 n.9 (5th Cir. 1996); *Grimes v. Pearl River Valley Water Supply Dist.*, 930 F.2d 441, 444 (5th Cir. 1991); *Trevathan v. State*, 740 S.W.2d 500, 502–03 (Tex. App.—Houston [1st Dist.] 1987, writ denied); *Stout v. Grand Prairie Indep. Sch. Dist.*, 733 S.W.2d 290, 296–97 (Tex. App.—Dallas 1987, writ ref'd n.r.e.); *Tarrant Cty. Hosp. Dist. v. Ray*, 712 S.W.2d 271, 273 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.); *Duson v. Midland Cty. Indep. Sch. Dist.*, 627 S.W.2d 428, 429 (Tex. App.—El Paso 1981, no writ). We find no reason to depart from these precedents here.

## II.

In his second issue, Holms argues that the county court at law erred in dismissing his claims against WTCPUA with prejudice without allowing him to amend his live pleading to cure any jurisdictional defect therein.

Generally, a plaintiff is entitled to amend his pleadings before his claims are dismissed with prejudice. *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). An exception to this rule exists where the pleadings are incurably defective with respect to jurisdiction. *Id.* (noting that the plaintiff deserved "the opportunity to amend his pleadings *if* the defects can be cured") (emphasis added); *see Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012) (reiterating that dismissal is proper where the pleadings or record conclusively negate the existence of jurisdiction).

10

In *Koseoglu*, the Texas Supreme Court noted that the plaintiff "has made no suggestion as to how to cure the jurisdictional defect" in the pleading before the lower court when it dismissed the case. 233 S.W.3d at 840. We reach the same conclusion here. None of the bases Holms has offered to support a waiver of WTCPUA's immunity confers jurisdiction on the facts alleged.

## CONCLUSION

We affirm the county court at law's order dismissing Holms's claims against WTCPUA with prejudice.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Goodwin and Triana

Affirmed

Filed: March 13, 2019