The UNIVERSITY OF TEXAS
HEALTH SCIENCE CENTER
AT SAN ANTONIO, Appellant,

v.

Linda M. BRUEN, Appellee.

Nos. 04–01–00520–CV, 04–01–00792–CV.

Court of Appeals of Texas,
San Antonio.

June 28, 2002.

Rehearing Overruled Aug. 15, 2002.

Danica L. Milios, Asst. Solicitor Gen., Harry Deckard, Asst. Atty. Gen., Austin, for Appellant.

Dane Patrick, Law Office of Dane Patrick, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, SARAH B. DUNCAN, Justice, and KAREN ANGELINI, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

The University of Texas Health Science Center at San Antonio appeals the trial court's denial of its pleas to the jurisdiction asserting sovereign immunity. We reverse the trial court's orders and dismiss Bruen's claims for lack of jurisdiction. *Texas Dept. of Transp. v. Ramirez*, 74 S.W.3d 864, 866 (Tex., 2002); *Texas Dept. of Transp. v. City of Floresville Elec. Power & Light System*, 53 S.W.3d 447, 457 (Tex.App.-San Antonio 2001, no pet.).

## STANDARD OF REVIEW

■ We review a trial court's ruling on a plea to the jurisdiction de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them in favor of the pleader. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We must also consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

## FACTUAL AND PROCEDURAL BACKGROUND

Linda Bruen sued the University of Texas Health Science Center at San Antonio (UTHSC) under the Texas Tort Claims Act (TTCA), alleging she slipped and fell off the unprotected edge of a ramp while attending a nursing seminar at UTHSC's nursing school auditorium. UTHSC filed two pleas to the jurisdiction based on sov-ereign immunity. The first plea was denied in part, and the second was denied in its entirety. Specifically, the trial court denied UTHSC's pleas with respect to Bruen's allegations that UTHSC: (1) "[f]ailed to have the rope in place that was normally used to warn of and protect others from the ramp's edge"; and (2) "[t]he ramp and entrance failed to comply with the American's [sic][w]ith Disabilities Act." UTHSC filed this interlocutory appeal.

## DANGEROUS CONDITION OF RAMP

UTHSC contends Bruen's complaints relate to the dangerous condition of the ramp from which she fell. UTHSC therefore asserts it has immunity under section 101.056 of the TTCA, because the design of the auditorium and ramp is a discretionary act. We agree.

### *Applicable Law*

■ Sovereign immunity is not waived under the TTCA for claims based on discretionary acts and omissions. TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1997). This discretionary function exception to the waiver of governmental immunity is designed to avoid judicial review of governmental policy decisions. *State v. Terrell*, 588 S.W.2d 784, 787 (Tex.1979). A governmental unit is immune from liability if damage or injury results from the formulation of policy. *Id.* Whether a government act is discretionary and within the exception to the waiver of immunity under the Act is a question of law. *See State v. Miguel*, 2 S.W.3d 249, 251 (Tex.1999) (per curiam).

### *Discussion*

■ In her petition, Bruen alleged the design of the downward sloping auditorium ramp constituted a dangerous condition and unreasonable risk of harm, because

there was no differentiation in color between the carpet on the ramp and the carpet covering the rest of the room. She also claimed UTHSC failed to warn of the dangerous condition with a railing or other device to prevent someone from stepping off the side of the ramp. In essence, Bruen's complaint is that the auditorium ramp as originally designed constituted a dangerous condition. "Texas courts have repeatedly held that 'design decisions' are discretionary, and therefore immunity is not waived under the Act." *Ramos v. Texas Dept. of Public Safety,* 35 S.W.3d 723, 733 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). Therefore, immunity is not waived under the Act. *Id.*

Bruen, nevertheless, maintains that UTHSC had a legal duty under the Americans with Disabilities Act (ADA) to make structural changes to the facility after it was built, *i.e.,* installing edge protectors, curbs, walls, railings, or projection surfaces to prevent injuries like the one she suffered. Bruen argues that its failure to do so was negligence per se and actionable under the TTCA regardless of whether she qualifies as a disabled individual. In response, UTHSC argues that Titles I and II of the ADA do not waive a state's immunity and, alternatively, that Bruen is not qualified to assert a claim under the ADA. We agree.

 Title II of the ADA applicable to public entities provides that no "qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132 (West 1995). "Thus, to establish a violation of Title II, [plaintiffs] must demonstrate: (1) that they are qualified individuals within the meaning of the Act; (2) that they are being excluded from participation in, or being denied benefits of, services, programs, or activities for which the [public entity] is responsible, or are otherwise being discriminated against ...; and (3) that such exclusion, denial of benefits, or discrimination is by reason of their disability." *Lightbourn v. County of El Paso,* 118 F.3d 421, 428 (5th Cir.1997), *cert. denied, Lightbourn v. Garza,* 522 U.S. 1052, 118 S.Ct. 700, 139 L.Ed.2d 643 (1998). Without deciding whether the ADA waives UTHSC's sovereign immunity under the TTCA, we conclude Bruen's argument that the cited provisions of the ADA should apply regardless of whether she is disabled is without merit. We therefore sustain UTHSC's first point of error.

### FAILURE TO USE THEATER ROPE

UTHSC next contends that Bruen's contentions regarding its failure to use a theater rope allege a non-use of property, which is not actionable under the TTCA. We agree.

 "UTHSC, as a branch of the University of Texas system, is a state agency shielded from suit and liability by sovereign immunity." *University of Texas Health Sci. Ctr. at San Antonio v. Mata & Bordini, Inc.,* 2 S.W.3d 312, 316 (Tex.App.-San Antonio 1999, pet. denied). "[F]or the Legislature to waive the State's sovereign immunity, it must do so by clear an unambiguous language." *City of LaPorte v. Barfield,* 898 S.W.2d 288, 291 (Tex.1995). The Texas Tort Claims Act provides that the State waives its sovereign immunity for "personal injury and death so caused by a condition or use of tangible personal property or real property if the governmental unit would, were it a private person, be liable to the claimant...." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997). However, sovereign immunity is not waived for a claim arising from the non-use of personal property. *See*

*Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex.1996). Bruen's allegation that her injuries were caused by UTHSC's failure to use the theater rope is similar to "non-use" allegations rejected by the Supreme Court on other occasions. *See, e.g., Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585 (Tex.1996) (failure to use injectable medication); *Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994) (failure to provide medication). We therefore sustain UTHSC's third point of error.

### NEGLIGENT IMPLEMENTATION OF POLICY

In a related issue, UTHSC contends that because the cause of Bruen's injury was the allegedly dangerous condition of the auditorium ramp, her attempt to characterize her suit as one involving use of property must fail. Bruen responds, arguing that UTHSC's failure to use the theater rope as required by University policy constituted negligent implementation of policy, which is not entitled to protection under section 101.056 of the TTCA. We again disagree.

 Even assuming Bruen's claim was for the negligent implementation of policy and procedure, she has still failed to state a claim for which governmental immunity is waived under the TTCA. Section 101.056 does not provide for waiver of governmental immunity; rather, this section provides for an exception to any waiver of governmental immunity where the claim advanced involves the formulation of policy. *See City of Orange v. Jackson*, 927 S.W.2d 784, 786–87 (Tex.App.-Beaumont 1996, no writ). In other words, "a governmental entity's right of sovereign immunity is [not] waived by the negligent implementation of policy ... if the death or injury involved did not arise from the use or condition of tangible personal property or from the operation or use of a motor-driven vehicle." *Id.* at 786. Because

Bruen cannot establish a waiver of immunity under section 101.021, her claim of negligent implementation is unavailing. We therefore sustain UTHSC's second point of error.

### CONCLUSION

Because Bruen's allegations fail to establish a waiver of sovereign immunity, the trial court erred in denying UTHSC's pleas to the jurisdiction. We therefore reverse the trial court's order and dismiss Bruen's claims for lack of jurisdiction.

Concurring opinion by: PHIL HARDBERGER, Chief Justice.

PHIL HARDBERGER, Chief Justice concurring.

I concur in the majority's opinion that Bruen's claim regarding UTHSC's failure to use a theater rope is a non-use of property for which immunity is not waived. However, I disagree with the majority's analysis of the reason immunity is not waived with respect to Bruen's complaint about the condition of the ramp.

With regard to Bruen's claim about the dangerous condition of the ramp, I agree that UTHSC has immunity under section 101.056 of the TTCA but not for the reason given in the majority opinion. UTHSC retains immunity under section 101.056 for the failure to perform an act that it is not required by law to perform and for its decision not to perform an act if the law leaves the performance or nonperformance to its discretion. TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1997). In this case, altering the ramp to comply with the ADA requirements was only one option available to UTHSC under section 35.150 of the ADA regulations. 28 C.F.R. § 35.150(b)(1) (listing methods that a public entity may use to comply with ADA requirements). Therefore, the ADA regu-

lations left the decision with regard to whether the ramp should be altered to UTHSC's discretion. Since the alteration of the ramp's design was only one of several options available to UTHSC, the law did not require UTHSC to alter the ramp, and UTHSC retained immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1997). This concurrence should not be read that immunity is retained where compliance with the ADA regulations requires the alteration of a facility's design, whether the plaintiff is disabled or not. Under the facts in this case, alteration of the ramp's design simply is not mandatory under the law.

For these reasons, I would reverse the trial court's order and dismiss the underlying claims for lack of jurisdiction.