## UNIVERSITY OF TEXAS AT SAN ANTONIO, Appellant,

### v.

## Adam W. TREVINO and Jennifer Trevino, Individually and On Behalf of the Estate of Marissa Rose Trevino, Deceased, a Minor, Appellees.

### No. 04–02–00412–CV.

Court of Appeals of Texas, San Antonio.

Nov. 27, 2002.

M. Lynn Taylor, Asst. Atty. Gen., Austin, for appellant.

J. Thomas Rhodes, III, Lyons & Rhodes, P.C., Sean Lyons, Law Office of Sean Lyons, San Antonio, for appellees.

Cathleen M. Stryker, Ball & Weed, P.C., San Antonio, David E. Chamberlain, Chamberlain McHaney, for other.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice.

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from the trial court's denial of a plea to the jurisdiction filed by appellant, the University of Texas at San Antonio ("UTSA"). We hold that the appellees' ("the Trevinos") petition sufficiently alleged claims for non-discretionary acts by UTSA within the scope of the Texas Tort Claims Act's ("the Act") waiver of sovereign immunity; therefore, we affirm the trial court's order.

## BACKGROUND

In August 1999, the Trevino family, including three-year-old Marissa Rose, attended a fundraising activity held by the Rotary Club on the UTSA campus. While inside UTSA's Convocation Center, Marissa fell through the railings on the side of the bleachers. She later died from her injuries. The Trevinos sued several defendants, including UTSA. UTSA filed a plea to the jurisdiction, claiming it was immune from suit under the Act because its "design decisions" with regard to the bleacher railings were discretionary acts. The trial court denied the plea and this appeal by UTSA ensued.

## STANDARD OF REVIEW

■ Subject matter jurisdiction is essential to the trial court's authority to decide a case. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993). To prevail, the party asserting the plea to the jurisdiction must show that even if all the allegations in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n,* 16 S.W.3d 61, 65 (Tex.App.-Austin 2000, no pet.). Because subject matter jurisdiction presents a question of law, we review the trial court's decision under a de novo standard of review. *Id.* A court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence relevant to the jurisdictional issue and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554–55 (Tex.2000). We construe the plaintiff's pleadings in the plaintiff's favor and look to the plaintiff's intent. *Texas Ass'n of Business,* 852

S.W.2d at 446. We do not address the merits of the case; instead, the defendant must establish why the merits of the plaintiff's claims should not be reached. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554.

In their petition, the Trevinos alleged claims against UTSA based on negligence and premises liability. In its plea to the jurisdiction, UTSA characterized the Trevinos' complaints as "design defects," and argued it was entitled to immunity because "design decisions" are discretionary. UTSA did not dispute the Trevinos' premises liability claim, except to argue that claims arising from the negligent design and construction of the bleachers and the railing system did not waive immunity. UTSA also alleges the Trevinos were licensees, and not invitees, for the purposes of their premise liability claim. Although UTSA filed a motion for summary judgment challenging the Trevinos' alleged status as invitees,[1] UTSA's plea to the jurisdiction did not raise a similar challenge. Therefore, we do not consider this argument on appeal. Also, because UTSA's plea to the jurisdiction was based entirely on its discretionary "design decision" argument, the only issue before this court is whether the Trevinos' pleadings adequately allege a claim based on non-discretionary actions sufficient to fall within the Act's waiver of immunity.

## DISCRETIONARY ACTS

■ Under the doctrine of sovereign immunity, a governmental entity is liable for negligence only if a constitutional or statutory provision waives immunity from liability. *University of Texas Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994). Section 101.021 of the Act sets forth the extent to which Texas has waived

its immunity. Under that section, the State or a governmental unit of the State is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE § 101.021(2) (Vernon 1997). The Act also waives sovereign immunity for premise defects. *Id.* § 101.022(a).

■ However, even if a waiver of immunity may be established under section 101.021, the Act sets forth certain exemptions that will maintain the governmental unit's sovereign immunity. *See Delaney v. University of Houston*, 835 S.W.2d 56, 59 (Tex.1992). For example, section 101.056 excepts claims based on the State's discretionary policy decisions. *See* TEX. CIV. PRAC. & REM.CODE § 101.056. The purpose of the exception to the waiver of immunity contained in section 101.056 is to avoid judicial review of governmental policy decisions. *Mitchell v. City of Dallas*, 855 S.W.2d 741, 745 (Tex.App.-Dallas 1993), *aff'd*, 870 S.W.2d 21 (Tex.1994). Thus, if the injury results from the formulation of policy, the governmental entity is immune. *State v. Terrell*, 588 S.W.2d 784, 788 (Tex. 1979); *Ramos v. Texas Dept. of Public Safety*, 35 S.W.3d 723, 733 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *Mitchell*, 855 S.W.2d at 745. If the injury results from the negligent implementation of policy, the governmental entity is not immune. *Terrell*, 588 S.W.2d at 788; *Ramos*, 35 S.W.3d at 733; *Mitchell*, 855 S.W.2d at 745. Whether a governmental activity is discretionary is a question of law. *State v. Miguel*, 2 S.W.3d 249, 251 (Tex.1999) (per curiam).

---

1. Following the hearing at which the trial court considered both UTSA's plea to the jurisdiction and its motion for summary judgment, the court denied the plea to the jurisdiction. The record contains no ruling on the motion for summary judgment.

An act is discretionary if it requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex.1994). This standard is easier stated than applied, however. Because of the difficulty in distinguishing between discretionary and ministerial functions, a number of courts have adopted the design/maintenance test. This test requires the application of the discretionary exception only when the claims are based upon governmental decisions at the "design level," instead of at the "maintenance level." Design decisions made by the State are discretionary and therefore immune from liability. *Ramos*, 35 S.W.3d at 733; *Mitchell*, 855 S.W.2d at 745. Maintenance activities undertaken at the operational level are not discretionary functions and are not immune from liability. *City of Round Rock v. Smith*, 687 S.W.2d 300, 303 (Tex.1985); *City of Fort Worth*, 977 S.W.2d at 817; *Mitchell*, 855 S.W.2d at 745.

According to UTSA, it is entitled to immunity under section 101.056 because it was not required to design the bleacher railings in any particular manner and any decisions that led to the final design and construction of the Convocation Center and the attached equipment were discretionary. UTSA contends that although the Trevinos' claim arises from a premise defect, the "gravaman" of their complaint is that UTSA did not design the railings in such a way so as to prevent a child from falling between the railing sections. UTSA asserts this complaint involves fundamental design decisions behind the construction of the railings, and such design decisions are discretionary acts for which immunity is not waived. On the other hand, the Trevinos contend section 101.056 does not apply because their complaint is not about the design of the railings. In their petition, they alleged UTSA was negligent in failing to properly maintain the bleachers in a safe condition, inspect the bleachers to ascertain and institute an effective remedial plan, warn of the dangers presented by the defects, and maintain the bleachers in compliance with applicable code requirements.

In support of their claim that the bleachers and railings were not maintained in a safe condition, the Trevinos rely on a preliminary report filed by a San Antonio police officer who inspected the bleachers following Marissa's fall. The officer stated that the side railings of the bleachers were loose "from wear and tear" and some of the platform boards were slightly warped, "possibly causing someone to trip."[2] Thus, the trial court had before it evidence supporting the Trevinos' allegation that UTSA was negligent in failing to properly

2. In its plea to the jurisdiction, UTSA did not dispute the Trevinos' allegations that it had a duty to maintain the bleachers in a particular manner. In support of its argument on appeal that it was under no duty to maintain the bleachers in conformity with applicable building codes, UTSA relies on this court's opinion in *University of Texas Health Science Center at San Antonio v. Bruen*, 92 S.W.3d 24 (Tex. App.-San Antonio 2002, pet. filed) (motion to publish granted). UTSA's reliance is misplaced, however. In *Bruen*, the plaintiff asserted that the design of a ramp constituted a dangerous condition. The plaintiff did not raise a failure to maintain claim. *Id.* at 26. The plaintiff also contended the University had a duty under the Americans With Disabilities Act ("ADA") to make structural changes to the facility after it was installed. *Id.* at 27. This court did not reach the issue of whether the ADA waived the University's sovereign immunity because the plaintiff was not qualified to assert a claim under the ADA. *Id.* Here, UTSA did not allege in its plea to the jurisdiction that it had no duty or that it was under no legal mandate to maintain the bleachers.

maintain the bleachers in a safe condition. Accordingly, we hold the Trevinos sufficiently alleged maintenance activities on UTSA's part that were not discretionary, and thus, not within the scope of section 101.056. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 555 (court deciding a plea to the jurisdiction may consider evidence relevant to the jurisdictional issue). For this reason, we need not consider whether the Trevinos' allegation that UTSA had a duty to change the bleachers and railings to comply with new code requirements implicated a nondiscretionary function.

We conclude that UTSA did not meet its burden of establishing that the merits of the Trevinos' claims should not be reached. Accordingly, we affirm the trial court's order denying UTSA's plea to the jurisdiction.