# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00676-CV

City of Austin, Appellant

v.

Louis Silverman, M.D., Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN1-03789, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Louis Silverman, M.D., sued the City of Austin, appellant, under the Texas Tort Claims Act ("the Act"), *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2005 & Supp. 2008), alleging that he was injured in a fall on a downtown sidewalk. Silverman asserted a premises-defect claim and stated that the City's immunity from suit was waived under the Act.[1] *See id.* § 101.022 (West Supp. 2008). The City filed a plea to the jurisdiction and

---

[1] In his original petition, Silverman asserted that the City had been "negligent by failing to operate and maintain the sidewalk in question in a safe manner" and that it had breached its "duty to exercise reasonable care to protect individuals . . . from dangerous conditions and activities occurring on the premises." After the City filed its plea, Silverman amended his petition to specify that he was alleging a claim for negligence due to a premises defect. He alleged that in the area where he fell, a "sudden drop from the curb/alley to the sidewalk constituted a premises defect, the 'drop-off', [sic] which posed an unreasonable risk of harm." He stated that the City owed Silverman the same duties owed to a licensee, namely the duties to warn of or make reasonably safe "a known dangerous condition" of which Silverman was unaware and not to injure him "through willful, wanton, or grossly negligent conduct."

motion for summary judgment, arguing that Silverman was not truly asserting a premises-defect claim but instead was complaining of the sidewalk's design, which meant the City retained its immunity from suit. *See id.* § 101.056 (West 2005). The trial court denied the City's plea and motion, and the City filed this interlocutory appeal. *See id.* § 51.014(a)(8) (West 2008); *Texas Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) (interlocutory appeal proper regardless of whether jurisdictional argument is presented by plea to jurisdiction or motion for summary judgment). We reverse the trial court's order and remand to allow Silverman the opportunity to replead.

In reviewing a trial court's decision on a plea to the jurisdiction, we first ask whether the plaintiff alleged facts affirmatively demonstrating the court's jurisdiction to hear the case. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We review the trial court's determination on a plea to the jurisdiction de novo, construing the pleadings liberally and looking to the plaintiff's intent. *Id.* When a plea to the jurisdiction challenges whether the trial court has subject-matter jurisdiction under the facts as alleged by the plaintiff, the trial court must consider relevant evidence submitted by the parties. *Id.* at 227. If the pleadings and, if applicable, evidence show an insufficient jurisdictional basis but do not affirmatively demonstrate incurable jurisdictional defects, the plaintiff should be allowed to amend his petition. *Id.* at 226-27. Only when the pleadings affirmatively negate the existence of jurisdiction should a plea to the jurisdiction be granted without allowing an opportunity to amend. *Id.* at 227.

Under the Act, a governmental unit is liable for injuries "caused by a condition or use of . . . real property" if the unit would be liable if it were a private person, and the unit's immunity from suit is waived "to the extent of liability created by this chapter." Tex. Civ. Prac. & Rem. Code

2

Ann. §§ 101.021(2), .025 (West 2005). If a claim arises from a premise defect and the plaintiff did not pay to use the premises, the governmental unit owes "only the duty that a private person owes to a licensee on private property." *Id*. § 101.022. A municipality is liable for damages "arising from its governmental functions," *id.* § 101.0215(a) (West 2005), but the Act does not waive immunity for claims based on a governmental unit's failure "to perform an act that the unit is not required by law to perform" or its "decision not to perform an act or . . . its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." *Id.* § 101.056.

In his amended petition, Silverman claimed that the City's immunity from suit was waived under the Act because his injuries were caused by a premises defect on City property. Silverman alleged that he was walking on a sidewalk downtown at about 10:00 p.m. He had never been on this section of sidewalk before. According to his petition, as he proceeded along the sidewalk, he "saw other pedestrians walking uphill towards him," stepped forward, and fell more than twelve inches, injuring himself permanently. In his deposition testimony, Silverman explained that he saw that the people approaching him on his left were walking up stairs, so he stepped down, expecting to find a step, and instead fell because "[t]here was no stair in the area that I stepped on." He said, "All I know is I stepped off into space where I thought there was going to be stairs."[2] The

---

[2] Photographs introduced into the record during the hearing on the City's plea to the jurisdiction show that the area in question is a curb where an alleyway meets a street. Southbound pedestrians proceed on a wide sidewalk, down a slight ramp to the alley's surface, and across the alley. The alley's elevation is approximately twelve inches higher than the sidewalk that continues along the street. A curb separates the alley from the sidewalk below, starting from the building side of the sidewalk and curving to meet a raised curb that runs along the street side of the sidewalk. There is one stair across most of the width of the sidewalk. It does not, however, span the entire sidewalk. The stair tapers and ends just before connecting with the curved curb, perhaps eighteen inches from the street.

City agrees that there were no warning signs pertaining to the stairs, nor was there a railing or lights illuminating the stairs in particular, although the City states that "street lighting existed in the area." Silverman alleged that the City, through its manager of the Street and Bridge Division, was aware of the dangerous condition, which Silverman calls a "drop-off." Silverman further argued that the City had a duty to warn him that the stairs did not continue all the way across the width of the sidewalk or to make it reasonably safe and that its failure to do either proximately caused his injuries.

In its plea, the City raised several issues, including arguing that Silverman was asserting claims related to the design of the sidewalk, which was "conduct that is discretionary such as the designs of public works or decisions about installing safety features" and for which the City retained its immunity from suit. Because we agree that Silverman's claims arise from the design of the sidewalk, we hold that the City's immunity is not waived under the Act.

The Act's waiver of a governmental unit's immunity from suit does not extend to claims arising out of discretionary decisions. *See id.* § 101.056(2); *Texas Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 866-67 (Tex. 2002). "An act is discretionary if it requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment." *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999). Designs of public works and decisions of whether to install safety features are discretionary decisions for which a governmental unit may not be sued. *See Ramirez*, 74 S.W.3d at 867 (State retained immunity for claims related to design of highway and failure to install safety features); *Rodriguez*, 985 S.W.2d at 86 (State retained immunity for claims related to design of detour and warning signs); *University of Tex. Health Sci. Ctr. v. Bruen*, 92 S.W.3d 24, 27 (Tex. App.—San Antonio 2002, pet. denied) (university retained immunity for claims related to design of auditorium ramp, including that there

4

was no difference in color between ramp's carpet and carpet on auditorium's floor and that university failed to warn of dangerous condition with railing or other device to prevent stepping off side of ramp); *Mogayzel v. Texas Dep't of Transp.*, 66 S.W.3d 459, 465-66 (Tex. App.—Fort Worth 2001, pet. denied) (State retained immunity from claims related to lack of barriers or guardrails on highway as originally designed); *Hur v. City of Mesquite*, 893 S.W.2d 227, 235 (Tex. App.—Amarillo 1995, writ denied) (city retained immunity from claims that city had duty to install sidewalks, crosswalks, and pedestrian signals). In other words, "a governmental entity is immune from liability if an injury results from the formulation of policy" but not when the "injury is caused by the negligent implementation of that policy." *Mitchell v. City of Dallas*, 855 S.W.2d 741, 745 (Tex. App.—Dallas 1993), *aff'd*, 870 S.W.2d 21 (Tex. 1994) (city retained immunity from claims related to original design of retaining wall but not from claims of negligent construction and maintenance of wall). "This distinction is often stated in terms of actions taken at the planning or policy-making level, which are immune, and actions taken at the subordinate or operational level, which are not immune." *Id.* Unlike design decisions, which are discretionary, maintenance or construction activities are usually considered not to be discretionary, and thus a governmental unit would not be immune from liability for injuries arising from such actions. *Id.*

Silverman asserted in his petition that, "[i]ncredibly, there was absolutely no warning or indicator that there was a drop from the alleyway/curb to the sidewalk." In his response to the City's plea to the jurisdiction, he alleged that there was "no handrail to assist pedestrians that encounter this 'drop-off'" and that "this 'drop-off' occurs in an area where there is no wheelchair ramp to accommodate this 'drop-off.'" He also said that "the 'drop-off' as it existed on the night

5

[in question] was a condition that in all respects was a defect." Although Silverman asserted that in Texas, the duty to warn of or make reasonably safe a premise defect was not discretionary, he did not directly address the City's contention that the design of the curb was a discretionary function for which the City maintained its immunity. In his deposition, Silverman said he fell because "[t]here was no stair in the area that I stepped on." Counsel for the City asked him, "Other than the design being a stair, was there any other reason that you know of, lighting—except lighting, that contributed to your fall, to your accident?"[3] Silverman answered that he did not "know much about designing stairs or sidewalks" but that "there were no lights, no warning signs, wasn't any yellow paint in the area to indicate a possible hazard. There was nothing other than to make it appear a continuation of what else was there." Later in his deposition he said, "I am going to specify that I am no expert when it comes to sidewalk design. The step wasn't where I thought it was going to be, where I expected it to be." Joe Ramos, division manager for the City's Street and Bridge Division, testified that he had done a search of records dating to the early 1980s and "couldn't find any records on who [constructed] that sidewalk." He said that before a 1999 City code, a property owner was supposed to be responsible for building and maintaining a sidewalk, but that not all pre-1999 sidewalks were built by the property owners and that the City built some of the pre-1999 sidewalks downtown. He also stated that it was possible that the steps had been there since 1969 and that the adjacent building was designated a historic site. Ramos testified that lighting and a railing was typically "part of the design" of the sidewalk or street.

---

[3] Silverman's attorney objected to the form of the City's question.

6

Although Silverman stated that he was bringing a premises-defect claim, his pleadings and deposition testimony establish that he was complaining about the design of the sidewalk, the lighting in the area, and the City's decision not to install a railing or warning sign. Silverman did not assert that the curb or stairs were poorly maintained, eroded, or chipped. He claimed only that the stairs should have stretched across the entire width of the sidewalk or that the City should have provided a safety feature such as a handrail, warning sign, or lighting. Silverman cannot rely on artful pleading to establish a waiver of immunity where the law provides none. *See Bell v. City of Dallas*, 146 S.W.3d 819, 823-24 (Tex. App.—Dallas 2004, no pet.) (plaintiffs "cannot avoid the effect of governmental immunity by creative pleading"); *Seamans v. Harris County Hosp. Dist.*, 934 S.W.2d 393, 395 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("Causation is the key, and creative pleading cannot replace the rule of immunity with its exception."); *Townsend v. Memorial Med. Ctr.*, 529 S.W.2d 264, 267 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.) ("Although the appellant contends on appeal that the rape, an intentional tort, is not the gist of her complaint, her petition leaves no other fair construction possible."); *see also Gonzales v. Bexar County*, No. 04-97-00679-CV, 1998 Tex. App. LEXIS 3276, at *7-8 (Tex. App.—San Antonio May 29, 1998, no pet.) (not designated for publication) ("[c]ourts should focus on the factual allegations in the pleadings to determine applicability of sovereign immunity, and need not accept the legal theories alleged in the pleadings as valid"; "[a]rtful pleading of facts cannot bring excluded claims within sovereign immunity waiver"). When we consider the facts as alleged by Silverman, his claims are related solely to the City's decisions about whether to install safety features such as lighting or a railing or to the design of the curb and stairs, not to their

7

maintenance or construction. *See City of Fort Worth v. Gay*, 977 S.W.2d 814, 817 (Tex. App.—Fort Worth 1998, no pet.) (immunity waived if governmental unit negligently implements discretionary decision); *Mitchell*, 855 S.W.2d at 745 (same). Therefore, under section 101.056, the City retains its immunity from suit for Silverman's claims.[4] *See Ramirez*, 74 S.W.3d at 867; *Bruen*, 92 S.W.3d at 26-27; *Hur*, 893 S.W.2d at 235.

Silverman also argues that because the City could not proffer plans showing that the steps were constructed as designed, the City could not show that this was an issue of design rather than negligent construction. However, Silverman did not allege and the record contains no evidence that the stairs were negligently constructed, had been modified at some point in the past, or were anything other than in their original condition. Ramos testified that the stairs were built before the early 1980s, perhaps as early as 1969, and that they were either built by the owner of the adjacent building or through a City project. Our sister court has explained that a governmental unit need not produce evidence "of a meeting or formal decision in which the City decided to design (or adopt a particular design of) the road in a particular fashion or formally decided on whether and what safety features to install." *City of Mission v. Cantu*, 89 S.W.3d 795, 810-11 (Tex. App.—Corpus Christi 2002, no pet.). The question "is not whether the governmental unit 'formally' exercised its

---

[4] A governmental unit also retains immunity from claims arising from the failure to place "a traffic or road sign, signal, or warning device" resulting from the unit's discretionary action or from the absence or malfunction of such a sign or signal (unless the malfunction or absence was not corrected within a reasonable time after the unit was notified of the problem). Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a) (West 2005). Silverman argues that this section does not apply to this case because he was injured on a sidewalk and because section 101.060 only applies to warning signs or devices on a *roadway*. Due to our resolution of this case, we need not address this issue.

8

discretionary power but rather whether the function in question was one which was within the scope of the governmental [unit's] discretionary power, that is, not mandatory by law." *Id.*

Under section 101.056 of the civil practice and remedies code, the City is immune from Silverman's claims related to his fall. We therefore reverse the trial court's order. Because the evidence does not show that Silverman's suit suffers from an incurable jurisdictional defect, we remand the cause to the trial court to allow Silverman an opportunity to replead. *See Miranda*, 133 S.W.3d at 226-27.

_____

David Puryear,  Justice

Before Chief Justice Jones, Justices Puryear and Henson

Reversed and Remanded

Filed:   May 21, 2009