

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00288-CV

**TEXAS A&M UNIVERSITY,**

                                                    **Appellant**

 **v.**

**KEVIN TAYLOR AND MICHELLE TAYLOR,**
**INDIVIDUALLY AND AS SOLE HEIRS ON**
**BEHALF OF THE ESTATE OF CHRISTIAN**
**AMADEUS TAYLOR,**

                                                    **Appellees**


From the 85th District Court
Brazos County, Texas
Trial Court No. 16-002241-CV-85


## MEMORANDUM OPINION


Appellant Texas A&M University appeals in one issue the trial court's denial of its plea to the jurisdiction. TAMU asserts that the trial court erred because Appellees Kevin Taylor and Michelle Taylor, Individually and as Sole Heirs on Behalf of the Estate of Christian Amadeus Taylor, failed to sufficiently plead a waiver of sovereign immunity under the Texas Tort Claims Act. We will reverse.

The underlying facts are undisputed. The Taylors' son, Christian, was a twenty-year-old biochemistry major at TAMU. TAMU provided a key to Christian to allow him to access the biochemistry lab. On October 15, 2014, Christian ingested sodium cyanide he obtained from the lab, and he died approximately forty-eight hours later. The Taylors filed a wrongful death action alleging that TAMU was negligent in providing Christian the key to access the lab and in failing to properly secure the sodium cyanide within the lab. TAMU filed a plea to the jurisdiction asserting that the trial court lacked subject-matter jurisdiction because the Taylors did not sufficiently plead a waiver of TAMU's sovereign immunity. After a hearing, the trial court denied TAMU's plea to the jurisdiction. TAMU then filed the present interlocutory appeal.

### Plea to the Jurisdiction

Sovereign immunity from suit implicates a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Engelman Irrigation District v. Shields Brothers, Inc.*, 514 S.W.3d 746, 755 (Tex. 2017).

> We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). When a party has filed a plea to the jurisdiction challenging the pleadings, a reviewing court must construe the pleadings liberally in favor of the pleader and look to the pleader's intent. *See id*. If the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause, the plea to the jurisdiction must be denied. *See id*. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in the jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *See id*. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *See id*. at 227.

*Texas A&M Univ. v. Starks*, 500 S.W.3d 560, 567 (Tex. App.—Waco 2016, no pet.) (quoting

*Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 321 S.W.3d 1, 3–4 (Tex. App.–Houston

[14th Dist.] 2008), *aff'd,* 320 S.W.3d 829 (Tex. 2010)).  To avoid dismissal for lack of subject-

matter jurisdiction, a plaintiff's pleadings must affirmatively demonstrate the court's

jurisdiction to hear the cause.  *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587

(Tex. 1996).[1]

### *Sovereign Immunity*

The Taylors contend that TAMU's sovereign immunity has been waived because

Christian's death was the result of a "use" of tangible property involving the key given

to Christian by TAMU that allowed him access to the lab.[2]  They also contend that

sovereign immunity has been waived because Christian's death was the result of a

"condition" of tangible personal property involving TAMU's failure to properly secure

the sodium cyanide within the lab.

Generally, the common law doctrine of sovereign immunity prevents the state or

its divisions from being sued without the state's consent.  *City of Houston v. Williams*, 353

---

[1] The Taylors argue that the correct standard for evaluating their pleadings is the standard applied when evaluating a summary judgment motion.  However, the summary judgment standard is appropriate only when jurisdictional facts are at issue and evidence is introduced by the parties to resolve those issues.  *See Miranda*, 133 S.W.3d at 226.  As no jurisdictional facts are at issue in this case, the summary judgment standard is inapposite.

[2] The Tort Claims Act also requires that the use of the property be by an employee of the state entity sued. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 97 (Tex. 2012).  The Taylors' pleadings refer to Christian as performing lab work for TAMU's purposes.  We take as true the Taylors' allegations that Christian was an agent or employee of TAMU.  However, there is no allegation that Christian was negligent.  His acts, as outlined in the Taylor's pleadings, were intentional—using his key to enter the lab, removing the sodium cyanide, and ingesting the sodium cyanide.

S.W.3d 128, 134 (Tex. 2011). As an arm of the state, a state university such as TAMU is entitled to sovereign immunity. *See Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016); *see also Prairie View A&M Univ. v. Dickens*, 243 S.W.3d 732, 735 (Tex. App.—Houston [14th Dist.] 2007, no pet.). The state may be sued only if the Legislature waives immunity in "clear and unambiguous language." *Sampson*, 500 S.W.3d at 384; TEX. GOV'T CODE § 311.034 (West 2013). In the Tort Claims Act, the Legislature has expressly waived the state's immunity in three areas: (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defects. S*ee* TEX. CIV. PRAC. & REM. CODE §§ 101.001-.109 (West 2011 and West Supp. 2017); *see also Sampson*, 500 S.W.3d at 384.

A "condition" has been defined as "either an intentional or an inadvertent state of being." *Sampson*, 500 S.W.3d at 388 (quoting *Abutahoun v. Dow Chemical Co.*, 463 S.W.3d 42, 49 (Tex. 2015)).

> To state a "condition" claim under the Tort Claims Act, there must be an allegation of "defective or inadequate property." *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex. 1983); *see Dall. Cty. v. Posey*, 290 S.W.3d 869, 872 (Tex. 2009) (per curiam) ("For a defective condition to be the basis for complaint, the defect must pose a hazard in the intended and ordinary use of the property.").

*Id.* (footnotes omitted). As noted, the Taylors argue that the failure to secure the sodium cyanide in some manner within the locked lab was a "condition" of tangible personal property that contributed to Christian's death. However, the Taylors' pleadings include no facts that indicate that the sodium cyanide itself was somehow "defective or inadequate." *Id.; see also Salcedo*, 659 S.W.2d at 31-32. The pleadings allege that the

sodium cyanide was not properly secured. There is no allegation in the pleadings that there was some problem inherent with the sodium cyanide itself, such as being stored in a container that leaked and caused injury or being stored in an improperly labelled container that led to its accidental use. *See Sampson*, 500 S.W.3d at 389-90 (improperly placed extension cord caused plaintiff's fall, but cord was not frayed and did not shock plaintiff, thereby creating premises defect rather than "condition" of personal property). The sodium cyanide in this case was also not being put to its ordinary, intended use when it was ingested by Christian. *See Black*, 392 S.W.3d at 99 (plastic bag used in suicide was not being put to its ordinary, intended use when it caused death). Taking as true the Taylors' factual allegations, they have failed to plead that a "condition" of tangible real property was a proximate cause of Christian's death.

A "use" of tangible personal property has been defined to mean "to put or bring into action or service; to employ for or apply to a given purpose." *Sampson*, 500 S.W.3d at 388 (quoting *Miller*, 51 S.W.3d at 588). A governmental unit does not "use" tangible personal property "when it merely allows someone else to use it." *Black*, 392 S.W.3d at 97. In regard to the Taylors' "use" claim, the facts in this case are similar to those in *Dallas Cty. v. Posey*, 290 S.W.3d 869, 871 (Tex. 2009), wherein a jail inmate hanged himself with a telephone cord. As the *Posey* court noted:

> Immunity is not waived when the governmental unit merely "allow[s] someone else to use the property and nothing more." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004). In *Cowan*, we held that the government did not waive immunity by providing suspenders and a walker to a patient who later used them to hang himself because it was the patient—not the government—who used the property. *Id.* In terms of the county's use of the property, this case is factually indistinguishable from

*Cowan*. Here, the county did no more than place Posey in a cell with a corded telephone, which he used to commit suicide. Therefore, we agree with the court of appeals that "the incident in this case did not arise from the [c]ounty's use of property."

*Id.* The facts are also similar to those found in *Black*, 392 S.W.3d at 91, in which a psychiatric patient committed suicide by placing a plastic bag over his head. The plaintiffs in that case argued that the hospital was negligent by providing or allowing the patient access to the bag. The *Black* Court held, however, that providing access to the bag was not a "use" within the meaning of the Tort Claims Act, and further noted, "[n]either providing nor prohibiting access to the bag was a 'use.' The Blacks' 'use' argument erroneously equates providing, furnishing, or allowing access to tangible property with putting or bringing the property into action or service or applying the property to a given purpose." We have found in a similar case that a county was not liable for the death of a jail inmate who committed suicide with a mattress cover provided by the county. *Johnson v. Johnson County*, 251 S.W.3d 107, 111 (Tex. App.—Waco 2008, pet. denied) (incarcerating decedent in jail cell containing mattress cover did not constitute use of property proximately causing his death).

Additionally, in order "to state a 'use' of tangible personal property claim under the Tort Claims Act, the injury must be *contemporaneous* with the use of the tangible personal property—'[u]sing that property must have actually caused the injury.'" *Sampson*, 500 S.W.3d at 388. There is nothing in the pleadings to indicate that the key to the lab was given to Christian contemporaneously with his ingestion of the sodium cyanide.

A recent slip opinion from the Texas Supreme Court reaffirms that in order for the state to waive sovereign immunity, a "use" of tangible personal property requires more than making the property available for use by another. *See Harris County v. Annab*, No. 17-0329, 2018 WL 2168484, at *2 (Tex. May 11, 2018) ("A governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more. If all 'use' meant were 'to make available,' the statutory restriction would have very little force"). "For the government to 'use' tangible personal property, the governmental unit must itself be the user, and the injury must be contemporaneous with the use of the tangible personal property." *Annab*, 2018 WL 216848, at *2 (internal citations and alterations omitted); *see also Cowan*, 128 S.W.3d at 246. The facts included in the Taylors' pleadings are insufficient to support a claim that TAMU waived its sovereign immunity because merely providing the key to Christian was not a "use" that was a contemporaneous and proximate cause of his death.

### *Discretionary Powers*

The Taylors additionally argue that sovereign immunity has been waived as a result of the various policy decisions made by TAMU relating to the safety of the lab and its users. However, the Taylors' last live pleading, the First Amended Original Petition, included no claim based upon a violation of TAMU policy. The First Amended Original Petition cites to a provision of the 2009 TAMU Laboratory Safety Manual, but there is no other section cited that involved securing hazardous chemicals in a lab. A citation related to lab safety appears only in the Taylors' brief. Assuming without deciding that a specific

TAMU policy is at issue, the Taylors' pleadings still fail to establish that a violation of that policy occurred or that it was the proximate cause of Christian's death.

While the Tort Claims Act waives immunity for torts involving a condition or use of real or personal property, the Act preserves immunity for discretionary decisions under the "discretionary powers" exception to the waiver. *See* TEX. CIV. PRAC. & REM. CODE § 101.056 (West 2011); *see also Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 657 (Tex. 2007). Sec. 101.056 provides:

> This chapter does not apply to a claim based on:
>
> (1)    the failure of a governmental unit to perform an act that the unit is not required by law to perform; or
>
> (2)    a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

The purpose behind section 101.056 is to avoid judicial review or interference with those policy decisions committed to the other branches of government. *State v. Terrell*, 588 S.W.2d 784, 787 (Tex.1979). Section 101.056 generally preserves immunity not only for the state's public policy decisions, but also for the state's failure to act when no particular action is required by law. *See State v. San Miguel*, 2 S.W.3d 249, 250–51 (Tex.1999). The Taylors have not alleged that TAMU failed to act in violation of any law.

While a governmental entity is immune from liability for injuries resulting from the formation of policy, a governmental entity is not immune for injuries caused by the negligent implementation of that policy. *Flynn*, 228 S.W.3d at 657. However, the

negligent implementation of a policy does not waive sovereign immunity if the death or injury involved did not arise from a "use or condition of tangible personal property or from operation or use of a motor-driven vehicle." *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bruen*, 92 S.W.3d 24, 28 (Tex. App.—San Antonio 2002, pet. denied) (quoting *City of Orange v. Jackson*, 927 S.W.2d 784, 786-87 (Tex. App.—Beaumont 1996, no writ)); *see also Strode v. Texas Dep't of Crim. Justice*, 261 S.W.3d 387, 389 (Tex. App.—Texarkana 2008, no pet.) ("[U]nless the plaintiff first affirmatively demonstrates the State has waived immunity from suit under some provision of law, the plaintiff cannot properly assert a claim of negligent implementation of policy."); *Perez v. City of Dallas*, 180 S.W.3d 906, 911 (Tex. App.—Dallas 2005, no pet.) ("A plaintiff must first establish a waiver of immunity under some other provision of the Texas Tort Claims Act before he can invoke a claim of negligent implementation.").  As the Taylors have failed to plead a waiver of sovereign immunity based upon a use or condition of tangible property, they have also failed to plead a waiver arising out of the negligent implementation of any policy.

Even assuming that the 2009 Laboratory Safety Manual was properly before the trial court, its provisions do not support the Taylors' claim.  While the Safety Manual, as cited in the Taylors' brief, requires hazardous chemicals to be secured, the Manual only requires chemical storage cabinets to be locked when they "are located in areas open to public access."  The Manual does not require that all chemicals be kept in locked cabinets

within a locked lab. As has previously been noted, the lab at issue was not an area open to public access because it required a key for entry.[3]

*Conclusion*

The Taylors' pleadings, taken as true, fail to trigger the Tort Claims Act's waiver of TAMU's sovereign immunity, and we, therefore, grant TAMU's sole issue. We reverse the trial court's order and render judgment granting TAMU's plea to the jurisdiction and dismissing the Taylors' claims against TAMU.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and rendered
Opinion delivered and filed July 3, 2018
[CV06]



---

[3] The Taylors included other allegations in their First Amended Original Petition that they asserted constituted negligence including failure to properly screen students for mental and/or emotional problems before providing them access to dangerous/hazardous chemicals, failure to provide oversight of the lab facilities, and failure to provide proper chemical safety. These all constitute a "non-use" of property that does not fall within the limited waiver of sovereign immunity in the Tort Claims Act. *See Sampson*, 500 S.W.3d at 389 ("Allegations of mere non-use of property cannot support a "use" claim under the Tort Claims Act."). The allegations also relate to the formation of policy that likewise does not fall within the waiver of sovereign immunity. *See Flynn*, 228 S.W.3d at 657.