

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00233-CV

**VIA METROPOLITAN TRANSIT AUTHORITY**,
Appellant

v.

Manuel **FLORES**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2018CV6515
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: August 3, 2022

REVERSED AND RENDERED

In this accelerated appeal, we consider the trial court's denial of Appellant VIA Metropolitan Transit Authority's ("VIA") plea to the jurisdiction based on the Texas Tort Claims Act ("TTCA"). Because we conclude the TTCA bars Appellee Manuel Flores's claims, we reverse and render.

### BACKGROUND

This appeal arises from Flores's personal injury lawsuit. The parties dispute aspects of the incident that prompted Flores's lawsuit, but trial court evidence establishes the following events.

Flores uses a motorized wheelchair. He fell when he attempted to board a VIA bus using a wheelchair ramp. Before the fall, the bus driver stopped the bus, deployed the wheelchair ramp, and began to make room for Flores's wheelchair by lifting bus seats. While the driver lifted seats, Flores attempted to board the bus but misaligned the wheels of one side of the motorized wheelchair. The misalignment caused the wheelchair to tip to one side and Flores to fall to the ground.

Flores sued VIA for personal injuries from the fall. He claimed negligence based on various alleged driver acts and omissions. VIA challenged subject-matter jurisdiction in a plea to the jurisdiction and asked the trial court to dismiss Flores's lawsuit on governmental immunity grounds. The trial court denied VIA's plea. VIA appealed.

## GOVERNMENTAL IMMUNITY

In this appeal, we must decide whether governmental immunity protects VIA from Flores's lawsuit. In Texas, governmental immunity "deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). As a governmental unit, VIA is immune from both suit and liability unless the TTCA waives immunity. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.025; *Texas Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). "Because subject-matter jurisdiction is a question of law, we review de novo a trial court's ruling on a plea to the jurisdiction." *Nettles v. GTECH Corp.*, 606 S.W.3d 726, 731 (Tex. 2020).

In reviewing this case, we are mindful that waivers of immunity "must be clear and unambiguous" and that we must strictly construe any purported waiver of immunity in favor of retaining immunity. *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 303 (Tex. 2019). In determining whether the TTCA waives governmental immunity in this case, we consider the facts

Flores alleged and, to the extent relevant to jurisdiction, evidence the parties submitted. *White*, 46 S.W.3d at 868. "We review the evidence under a standard mirroring that of summary judgment, taking as true all evidence favoring the plaintiff and indulging reasonable inferences and resolving doubts in the plaintiff's favor." *Nettles*, 606 S.W.3d at 734.

### WHETHER GOVERNMENTAL IMMUNITY IS WAIVED IN THIS CASE

"In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Relevant here, the TTCA waives governmental immunity for "personal injury . . . proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if . . . the . . . personal injury . . . *arises from the operation or use of a motor-driven vehicle* . . . ." TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A) (emphasis added). "By requiring that the [injury] 'arises from' the operation or use of the vehicle, the statute 'requires a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle.'" *PHI*, 593 S.W.3d at 302 (quoting *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992)). Flores maintains this waiver applies to his claims because he alleges that when he fell, the bus driver was *actively assisting* him with boarding the bus.

Flores relies, in part, on *Ryder Integrated Logistics, Inc. v. Fayette County*, in which the Supreme Court of Texas stated that the waiver applies if the government employee was "*actively operating* the vehicle at the time of the incident." 453 S.W.3d 922, 927 (Tex. 2015) (emphasis added). Flores claims that, at the time he fell, "the bus operator was *actively engaged* in helping [him] board the bus by lowering the entrance ramp and preparing the area where [his] wheelchair would be secured." Flores equates lowering the wheelchair ramp and preparing the area where his

wheelchair would be secured with actively operating or using a vehicle at the time of the incident. But this interpretation extends "operate" and "use" beyond ordinary meaning.

"Use" and "operation" are "common, everyday words." *PHI*, 593 S.W.3d at 303. The Supreme Court of Texas previously defined "operation" as referring to "a doing or performing of a practical work," and defined "use" as "to put or bring into action or service; to employ for or apply to a given purpose." *Id*. The court acknowledged, however, that these definitions are "not particularly enlightening . . . other than to reinforce that these words should be given their everyday meaning." *Id*. Using ordinary, everyday meaning, ordinary citizens would not view deploying a wheelchair ramp and making room for a motorized wheelchair as actively engaged in helping a passenger board a bus. *See id.*(stating that ordinary citizens should be able to rely on plain language of statutory waiver of governmental immunity, particularly when statute uses ordinary words like "use" and "operation"). Using ordinary, everyday meaning, the driver was not actively engaged in helping Flores board the bus.

Even if deploying a wheelchair entrance ramp and preparing an area for a wheelchair constituted "actively operating the vehicle at the time of the incident," the evidence shows those actions did not cause Flores's fall. In *PHI*, the court explained that the use or operation "must have actually caused the injury." *Id.* at 302 (quoting *White*, 46 S.W.3d at 869). To cause an injury under the TTCA, a nexus must exist between the plaintiff's injuries and the operation or use of the motor-driven vehicle; the "nexus requires more than mere involvement of property." *Whitley*, 104 S.W.3d at 543. The evidence shows no nexus in this case. VIA submitted video recordings, and time-stamped screenshots, of the incident prompting Flores's lawsuit. Flores incorporated that evidence in his response to VIA's plea. Contrary to Flores's allegation, the evidence shows the driver stopped the bus with sufficient distance from the curb for Flores to maneuver his motorized wheelchair. The driver then deployed the wheelchair ramp and walked back into the bus to lift

seats to make room for Flores's wheelchair. As the driver lifted seats, Flores attempted to board the bus but misaligned a wheelchair wheel with the ramp. The wheelchair tipped to one side and Flores fell to the ground. The driver was unaware Flores had fallen until she heard someone outside the bus say, "Oh, my God, he fell." Under these facts, no nexus exists between Flores's injuries and the bus driver's actions or omissions and the operation or use of the bus.

Flores also complains about the driver's failure to assist him in using the wheelchair ramp and to ensure he safely used the wheelchair ramp, but the driver never had an opportunity to assist Flores with boarding because Flores began to board before the driver made space for Flores's wheelchair. Viewing the evidence in Flores's favor and indulging reasonable inferences and resolving doubts in Flores's favor, the evidence shows the driver was not actively engaged in helping Flores board the bus when he fell from his wheelchair and did nothing to cause Flores to fall from the ramp. Under these circumstances, no nexus existed between Flores's injury and the operation or use of a motor-driven vehicle.

To the extent Flores complains about the driver's failure to follow VIA policy for assisting disabled passengers, he must first demonstrate entitlement to waiver of immunity before he can invoke a claim. *See Dimas v. Tex. State Univ. Sys.*, 201 S.W.3d 260, 267 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (stating that plaintiff must establish waiver of immunity before invoking claim of negligent implementation of policy); *Univ. of Tex. Health Sci. Ctr. v. Bruen*, 92 S.W.3d 24, 28 (Tex. App.—San Antonio 2002, pet. denied) (explaining that negligent implementation of policy claim does not waive governmental immunity unless injury arose from operation or use of motor-driven vehicle). Further, Flores's arguments based on compliance with federal law do not save his case because he waived those arguments by failing to raise them in the trial court, *City of Mission v. Cantu*, 89 S.W.3d 795, 808 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (declining to consider claim not pleaded), and because the relied-upon federal law does not waive

governmental immunity. Thus, Flores cannot establish waiver of immunity. Because Flores cannot establish a waiver of immunity, his claim of negligent implementation fails.

## CONCLUSION

Flores's injury did not arise from the operation or use of a motor-driven vehicle. As such, the waiver in section 101.021 of the TTCA does not apply to Flores's claims and governmental immunity protects VIA from suit and liability. Without a waiver, the trial court lacks subject matter jurisdiction over Flores's claims. Because the trial court should have granted VIA's plea, we reverse the trial court's order and render judgment granting VIA's plea to the jurisdiction and dismissing all of Flores's claims against VIA.

Liza A. Rodriguez, Justice